## EL PUEBLO v. COLÓN.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 362.—Resuelto en octubre 19, 1911.

DERECHO PENAL—PERJURIO—ALEGATO DEL APELANTE—ESPECIFICACIÓN DE ERRORES.—No habiendo presentado alegato alguno el apelante y no constando por lo tanto la especificación de errores que exige el artículo 42 del Reglamento de este tribunal, solamente pueden discutirse los errores fundamentales que constan en autos.

ID.—PERJURIO—PRUEBA DE CUÁL DE DOS DECLARACIONES ES LA VERDADERA.—Alegándose en la acusación de una manera indirecta que de las dos declaraciones contradictorias prestadas por el acusado la que prestó ante la corte municipal

es la verdadera, y falsa la que-dió en la corte de distrito, no existe el error que alega el apelante de no haberse probado en el juicio cuál de las dos declaraciones era la verdadera.

Id.—Perjurio—Declaraciones Falsas a Sabiendas y Maliciosamente.—Cuando un acusado presta dos declaraciones completamente contradictorias y en la última trata de exculpar a un hermano a quien acusó en la primera declaración, es éste motivo suficiente para que el jurado deduzca que la declaración falsa fué prestada a sabiendas y maliciosamente.

Id.—Juramentos Prestados Ante un Subsecretario.—Los subsecretarios de las cortes de distrito nombrados por sus superiores están autorizados para tomar juramentos de acuerdo con la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Después de un juicio por jurados celebrado ante la Corte de Distrito de Humacao, fué declarado culpable Eladio Colón del delito de perjurio y sentenciado a dos años de presidio. Apeló para ante este tribunal, pero no compareció a la vista de la causa ni presentó alegato alguno. La apelación se ha interpuesto no sólo contra la sentencia sino también contra la orden negando la suspensión de la misma. Puesto que no se presentó ningún alegato, no existe asignación de errores, y de acuerdo con las disposiciones de la regla 41 de este tribunal, deben considerarse solamente aquellos errores que sean fundamentales. No vemos que se haya cometido ningún error fundamental por la corte inferior. Sin embargo, en la moción sobre nuevo juicio, el apelante promovió varias cuestiones que habían sido consideradas por el Fiscal en su *brief*. El primer error que se alega fué, que puesto que se imputaba al acusado el hecho de haber declarado de otro modo en la corte de distrito a como declaró en la corte municipal, sin embargo, no se probó en el juicio cuál fuera la verdadera declaración. Aparece de la exposición del caso, que el acusado presentó prueba en la corte municipal tendente a mostrar que su hermano Luis Colón había sido declarado culpable del delito de mutilación, puesto que este último atacó al denunciante allí con un instru-

mento punzante; habiendo hecho una narración distinta ante la corte de distrito de la declaración que prestara en la corte municipal, tendiendo con ella más bien a relevar de culpabilidad a su hermano que no a culparlo. Expresa la acusación, si bien indirectamente, que la declaración prestada en la corte municipal fué cierta, y falsa la que dió en la corte de distrito. El segundo punto fué que no se probó durante el juicio de perjurio, que el acusado maliciosamente y a sabiendas declaró falsamente sobre una cuestión esencial. Una declaración que contradiga completamente una anterior, y con la cual se trate de exculpar a un hermano, apareciendo la culpabilidad del mismo de la anterior declaración, daría motivos al jurado para deducir que la deposición falsa se prestó a sabiendas y maliciosamente; y que tal declaración era esencial, es evidente por sí misma. También el apelante promovió la cuestión de que el subsecretario de la corte de distrito no estaba debidamente autorizado para tomar juramentos. Los subsecretarios que sean nombrados por sus superiores están también autorizados para tomar juramentos. (Ley de marzo 8, 1904, sec. 2a., p. 141; ley de marzo 10, 1904, sec. 2a., p. 108; y ley de marzo 9, 1910, 1a. sec., p. 78.) Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, del Toro y Aldrey.

El Juez Presidente Sr. Hernández, no tomó parte en la resolución de este caso.