FINLAY, DEMANDANTE Y APELADA, *v.* FABIÁN, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en procedimiento sobre aprobación de
memorándum. de costas en pleito de divorcio.

No. 1606.—Resuelto en marzo 27 de 1917.

COSTAS Y DESEMBOLSOS—HONORARIOS DEL TAQUÍGRAFO—NOTAS TAQUIGRÁFICAS—
NECESIDAD DE LAS MISMAS.—Cuando la parte que impugna un memorándum
de costas y desembolsos no niega la existencia de una partida por hono-
rarios satisfechos al taquígrafo oficial por la copia de las notas taquigrá-
ficas, no cabe discutir ni resolver si tal copia era o no necesaria para la
parte que venció, pues dispuesto por la ley que forme parte de las costas
no pueden eliminarse de ella si efectivamente se obtuvo del taquígrafo.

ID.—ID.—VALOR DE LA COPIA—PRESUNCIÓN DE COBRO LEGÍTIMO.—Tampoco tiene
que probar la parte que reclama el pago de honorarios satisfechos a un
taquígrafo oficial que la cantidad desembolsada era el verdadero valor de
la copia suministrada, pues existe a favor del taquígrafo la presunción de
que cobra lo que legítimamente le corresponde, o sea diez centavos por cada
cien palabras, mientras no se demuestre lo contrario, prueba que incumbe
a la parte opositora.

ID.—GASTOS DE VIAJE—NECESIDAD DEL MISMO.—El desembolso por gastos de
viaje a otro distrito, deberá pagarlo o no la parte vencida en el juicio,
según que haya sido o no necesario para el pleito; pero cuando el juez no
aprueba el cobro de esa partida por estimar que no fué necesario el viaje,
sin que se demuestre en apelación nada en contrario, ni que de las pruebas
del juicio que el juez pudo tener en cuenta para resolver no resultara que
fué necesario, no puede irse contra la resolución y debe confirmarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Soto Gras.*

Abogados de la apelada: *Sres. Enrique González Mena* y
*Juan B. Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Dictada sentencia por la Corte de Distrito de San Juan,
Sección 1ª., contra Josefina Finlay en pleito de divorcio que
entabló contra su marido Rafael Fabián en la que se le im-
puso el pago de los desembolsos y honorarios de la parte con-
traria, presentó la representación de Fabián un memorándum
de los resembolsos y costas del pleito en el que figuraron, en-
tre otras partidas, una de $7 por gastos de viaje a Humacao

y otra de $100 pagados al taquígrafo por el récord del incidente sobre custodia de la hija de los litigantes. En el juramento del memorándum hizo constar el abogado de Fabián que las partidas son exactas y que los desembolsos fueron necesarios en el pleito.

Impugnado el memorándum por el fundamento de que el Sr. Fabián no necesitaba llevar a cabo ningún viaje a Humacao para los fines del pleito y que tampoco le era necesaria la copia del récord taquigráfico, dictó el juez resolución no aprobando esas partidas por entender que no fueron necesarias y contra ella se interpuso el presente recurso por el Sr. Fabián.

Sostiene la parte apelante que en cuanto a la partida de cien pesos por la copia de las notas taquigráficas del incidente sobre custodia de la hija de los litigantes no tenía el juez inferior facultad alguna para determinar si eran o no necesarias en el pleito porque la ley dispone que se consideren como costas que debe pagar la parte vencida en el juicio y que por tanto debe ser revocada la resolución en ese particular.

Tiene razón el apelante. La sección 3ª. de la ley de 10 de marzo de 1904 creando el cargo de taquígrafo oficial para las cortes de distrito dispone que los taquígrafos deberán tomar correctamente en taquigrafía todos los procedimientos que ocurran en dichos tribunales y las declaraciones que se presten en los mismos a menos que las partes con el consentimiento del juez renuncien a los servicios del taquígrafo; y la sección 5ª. impone a dicho empleado el deber de proporcionar copias en máquina de sus notas taquigráficas a las partes del pleito que las pidieren, con derecho a cobrar por ellas determinada cantidad, la que habrá de cargarse como costas de la causa de la parte vencida en el juicio. No habiendo negado la parte que impugnó esa partida su existencia no cabía discutir ni resolver si la copia que se cobra fué o no necesaria para la parte que venció, pues dispuesto por la ley que forme parte de las costas no pueden eliminarse de ella si efectivamente se obtuvo del taquígrafo, extremo no

controvertido, y por eso opinamos que el juez no podía recha-
zarla por el motivo de no ser necesaria. Ni tenía tampoco
que probar la parte que reclama su pago que los cien pesos
era el verdadero valor de la copia, como sostiene la parte ape-
lada pues, como hemos dicho recientemente el 23 de este mes
y año al resolver otro recurso entre las mismas partes citando
los casos de *Torres* v. *Irizarri* y *Sucesión Collado* v. *Pérez
et al.,* 19 D. P. R. 361 y 368, el memorándum de costas tiene
la garantía del juramento que lo acompaña y la presunción
de que se ajusta a la verdad de los hechos y existe a favor
del taquígrafo la presunción de que cobró lo que legítimamente
le correspondía o sea diez centavos por cada cien palabras,
mientras no se demuestre lo contrario, prueba que incumbía
a la demandante y apelada.

La otra partida de $7 por el viaje a Humacao no se encuen-
tra en las mismas condiciones y tal desembolso deberá pagarlo
o no la parte que perdió el pleito según que haya sido o no
necesario para el pleito. No consta si se practicó prueba res-
pecto a la necesidad de ese viaje aunque parece que no, toda
vez que mientras la parte apelada sostiene que Fabián no
presentó prueba alguna respecto a la necesidad del viaje y
que por tal motivo debe ser confirmada en ese particular la
resolución apelada, se sostiene por el apelante que presentado
el memorándum de costas y desembolsos con el juramento exi-
gido por la ley es la parte opositora la que debe demostrar
con pruebas que la parte que reclama su pago no tuvo nece-
sidad de él para su defensa.

En el caso de *Torres* v. *Irizarri, supra,* dijimos que no exige
nuestro estatuto por modo imperativo que la parte con de-
recho al cobro de costas, desembolsos y honorarios de abo-
gado esté siempre en el deber de ofrecer y practicar prueba
sobre todas y cada una de las partidas del memorándum
cuando hubiere impugnación; que esa prueba ordinariamente
se encontrará en el mismo juicio en que se han originado las
costas, que el juez las tendrá a su vista y consideración al re-

solver el incidente, y que muchas veces no habrá necesidad de que se practique.

En este caso el juez no aprobó el cobro de esa partida por estimar que no fué necesario el viaje a Humacao y como no se nos ha demostrado nada en contrario ni que de las pruebas del juicio que el juez pudo tener en cuenta para resolver no resultara que fué necesario para la defensa del Sr. Fabián, no podemos ir contra la resolución y debemos confirmarla en ese extremo.

La resolución debe ser revocada únicamente en cuanto a la partida de cien pesos.

> *Confirmada la resolución en cuanto a la partida de gastos de viaje y revocada en cuanto a los honorarios del taquígrafo.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.