LÓPEZ, DEMANDANTE Y APELADO, *v.* THE AMERICAN RAILROAD CO. OF PORTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan. Sección Primera, de resolución en memorándum de costas.

No. 2125.—Resuelto en marzo 30, 1920.

MEMORANDUM DE COSTAS—TÉRMINO PARA IMPUGNAR EL MEMORANDUM—PRÓRROGA DE TÉRMINOS.—Las cortes de distrito, en virtud de sus facultades inherentes y del poder que les confiere el artículo 140 del Código de Enjuiciamiento Civil, pueden prorrogar el término de diez días que para impugnar el memorandum de costas concede a la parte condenada al pago de las mismas el artículo 339 de dicho Código según quedó enmendado por la Ley No. 15 de 1917 y pueden también permitir enmiendas a la impugnación.

MEMORANDUM DE COSTAS—NOTAS TAQUIGRÁFICAS—PAGOS AL TAQUÍGRAFO.—Es errónea una orden de la corte negándose a aprobar cierta suma consignada

en el memorándum de costas para pagar al taquígrafo notas taquigráficas tomadas durante el juicio, aun cuando no se haya interpuesto apelación. *Finlay* v. *Fabián,* 25 D. P. R. 48 y 52.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. F. Pérez Almiroty y E. Acuña.*

Abogado del apelado: *Sr. José L. Pesquera.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso la corte inferior dictó sentencia declarando sin lugar la demanda con imposición de costas al demandante. La demandada en 17 de abril, 1919, y dentro del término legal, radicó un *memorandum* de costas y desembolsos. En 24 de abril, 1919, y por tanto dentro del término de diez días que le concedió la corte para formular sus objeciones, solicitó el demandante una prórroga de diez días para presentar sus objeciones, prórroga que le fué concedida por la corte.

Sostiene la apelante que la corte cometió error al prorrogar el término y dar efecto legal al escrito de impugnación que de tal modo fué presentado fuera del término prescrito por la ley.

El artículo 339 según quedó enmendado en el año 1917 no es tan estricto como alega la apelante. Prescribe en efecto que la parte condenada al pago puede hacer sus objeciones dentro de los diez días de la radicación del *memorandum.* No emplea la palabra "debe" (*must*). A falta de una clara indicación de que fué la intención de la Legislatura no permitir la prórroga, las prescripciones del artículo 140 del Código de Enjuiciamiento Civil y las facultades inherentes de una corte son tan amplias, que no vemos que se cometa error o abuso de discreción porque se conceda la prórroga.

Y por supuesto semejantes consideraciones son aplicables a la acción de la corte permitiendo a la parte condenada al pago hacer sus objeciones más específicas después de presentadas.

La apelante, sin embargo, tiene razón al sostener que los

$60 para honorarios del taquígrafo debieron haberse conce-dido. Eran por notas taquigráficas tomadas durante el juicio y aunque no se interpuso ninguna apelación el demandado tenía derecho a dichas notas de acuerdo con la ley de marzo 10, 1904, Leyes de la Sesión de 1904, páginas 110–111. *Finlay* v. *Fabián*, 25 D. P. R. 48. *Finlay* v. *Fabián*, 25 D. P. R. 52. En este último caso se establece claramente que la parte a favor de quien se dicta la sentencia no tiene que demostrar el fin que persigue al obtener las notas taquigráficas en un procedimiento, ni tiene tampoco que demostrar que tales no-tas eran necesarias para algún fin particular.

La sentencia apelada debe ser revocada en cuanto a la negativa a conceder la suma de $60 para honorarios del ta-quígrafo, y confirmada en sus demás particulares.

> *Revocada la resolución apelada en cuanto niega la suma de 60 dólares para honora-rios del taquígrafo y confirmada en cuanto a sus demás particulares.*

Jueces concurrentes: Sres. Presidente Hernández y Aso ciados del Toro, Aldrey y Hutchison.