FRAGOSO, DEMANDANTE Y APELADO, *v.* MARXUACH, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de hipoteca y su inscripción (memorándum de costas y desembolsos).

No. 2955.—Resuelto en enero 25, 1924.

COSTAS—HONORARIOS DE ABOGADO.—Desde 1908 en que la Legislatura enmendó el artículo 327 del Código de Enjuiciamiento Civil, la concesión de costas incluye honorarios de abogado, a menos que éstos se excluyan expresamente al dictarse la sentencia, pudiendo la corte discrecionalmente fijar la cuantía razonable de los honorarios reclamados. En la opinión se analizan las diferentes decisiones de esta Corte sobre la materia, reafirmándose la doctrina del caso de *Ramírez v. American Railroad Company of Porto Rico,* 28 D. P. R. 182.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Soto Gras.*

Abogado del apelado: *Sr. E. H. F. Dottin.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Hay una sola cuestión a decidir en este recurso: La de si una condena en costas, comprende o no honorarios de abogado. Repetidamente este tribunal ha dicho que sí y por tanto este recurso podría resolverse sin opinión, citando las autoridades simplemente. Sin embargo, el abogado del apelante ha hecho en su alegato un estudio tan detenido y cui-

dadoso de la materia, que hemos considerado deber nuestro examinarla de nuevo y fijar una vez más nuestro criterio.

La sentencia dictada contiene este pronunciamiento: "se imponen las costas al demandado." Una vez firme, el demandante archivó su memorándum consignando en él dos partidas, a saber: "Honorarios del Secretario, $5.00; Honorarios del abogado, $500.00." Impugnó el demandado el memorándum entre otros motivos porque la cantidad reclamada no era razonable. La corte decidió que los honorarios estaban comprendidos en las costas y fijó su cuantía en cien dólares. Entonces el demandado interpuso el presente recurso de apelación, señalando en su alegato un solo error, así:

"La corte cometió error al permitir la inclusión de honorarios de abogado en el memorándum de costas, sin que en la sentencia exista una condena en contra del demandado apelante de pagar honorarios de abogado."

Argumentando el error estudia el apelante las diferentes leyes que han regido en Puerto Rico en relación con la imposición de "costas." Admite que con anterioridad al año 1904, siguiendo la práctica establecida, los honorarios de abogado se incluían en las costas; hace notar el espíritu que informó el nuevo Código de Enjuiciamiento Civil de Puerto Rico enteramente contrario a tal práctica, eliminando los honorarios de abogado de las costas y dejándolos al convenio expreso o tácito de las partes; analiza la ley de 1908 sobre costas y la interpretación que le dió este Tribunal Supremo en el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R. 765, y sostiene que la enmienda de 19 de noviembre de 1917 en nada varió la ley en el sentido de alterar los preceptos de la misma que sirvieron de base a la indicada decisión.

Fundándose en todo ello alega el apelante que la doctrina establecida en el caso de *Brac* v. *Ojeda,* 27 D. P. R. 659, ex-

plicada y confirmada en el de *Ramírez* v. *Am. R. R. Co. of P. R.*, 28 D. P. R. 182, y aplicada, entre otros, en los casos de *López* v. *Central Vannina*, 28 D. P. R. 135, y *Zorrilla* v. *Orestes*, 28 D. P. R. 747, es errónea y debe revocarse, quedando en vigor la sentada en el caso de *Veve* v. *El Municicipio de Fajardo, supra.*

El argumento principal del apelante estriba, como hemos indicado, en que la enmienda de 1917 no varió la ley de 1908 y dejó subsistentes las costas, desembolsos y honorarios de abogado como conceptos separados y distintos, necesitándose la condena expresa en la sentencia para que la parte vencida venga obligada al pago, y en que fundada la decisión en el caso de *Brac* v. *Ojeda, supra,* en la variación de la ley, si tal variación no existe, la doctrina necesariamente cae por su base, y así debe ser reconocido por este tribunal.

En cuanto al caso de Ramírez, *supra,* la apelante lo examina en todos sus detalles y sostiene que si esta corte, para dejar vigente el de Brac, *supra,* se fundó en que a virtud de la decisión en el caso de Brac quedó establecida una regla de procedimiento que debe continuar, la corte fué más allá de su campo de acción y penetró en el del Poder Legislativo, debiendo corregir su error ahora que se le pone de manifiesto.

Prescindiendo de todo cuanto se ha dicho y tomando la ley en sí misma como si fuera a interpretarse por primera vez, creemos que la conclusión a que se llegó en los casos de *Brac* v. *Ojeda* y *Ramírez* v. *American Railroad Co.* es la justa y procedente.

La ley, tal como rige desde 1917, dice:

"Sección 1.—El Artículo 327 del Código de Enjuiciamiento Civil, queda enmendado en la siguiente forma:

" 'Sección 327.—Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

" ' 'En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta Sección, se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.' " Leyes de 1917, Vol. I, pág. 207.

Consagra primero la ley el derecho de las partes a las "costas y desembolsos" con arreglo a las reglas que seguidamente establece. Y en esas reglas se dice que *en todos los casos en que se hayan concedido a una parte las costas, dicha parte, a discreción de la corte, tendrá derecho a recibir de la parte vencida honorarios de abogado.* Después se habla de *honorarios incluídos en las costas.* Lo único que introduce alguna duda es el uso de las palabras "honorarios y costas" como conceptos separados en el disponiéndose final de la sección segunda de la ley. Pero tal duda no es lo suficientemente fuerte para imponer una interpretación en el sentido de exigir una condena separada y distinta.

Los términos en que aparece redactada la otra enmienda de 1917 o sea la ley No. 15 aprobada el 19 de noviembre de 1917 que es la única que se cita en la opinión emitida en el caso de *Brac* v. *Ojeda, supra,* favorecen la conclusión a que hemos llegado. En la opinión emitida en el caso de *Ramírez* v. *American Railroad Co.,* se transcriben íntegras y analizan las dos enmiendas de 1917, la del artículo 327 del Código de Enjuiciamiento Civil hecha por la ley No. 38 aprobada en 12 de abril de 1917, y la del artículo 339 del propio Código de Enjuiciamiento Civil hecha por la ley No. 15 aprobada en 19 de noviembre de 1917.

Desde 1908 la Legislatura derogó el criterio establecido en el Código de 1904 y ordenó que los honorarios de abogado se comprendieran en las costas. En 1917 afirmó su resolución aclarándola en ciertos particulares. Aceptando que la ley de 1908 no hubiera sido alterada por las enmiendas de 1917 en cuanto a los extremos que sirvieron de base al razonamiento de la decisión de esta corte en el caso de *Veve* v. *El Municipio de Fajardo, supra,* esta corte, si con motivo de la enmienda de 1917, en un nuevo caso, fijó su atención más detenidamente en los términos precisos de la ley, pudo llegar a una conclusión contraria a la establecida en la decisión del caso de *Veve,* quedando tal decisión expresa o implícitamente derogada. La doctrina del caso de *Brac* tal como quedó aclarada y fijada en el de *Ramírez* constituye la expresión del último juicio de la corte. La atención de la corte estuvo fija en los términos de la ley. Si se había alterado o no, no era importante. Lo importante era y es si la ley en sí misma sostiene la interpretación última del tribunal y a nuestro juicio la sostiene.

A virtud de todo lo expuesto este tribunal reafirma su criterio tal como aparece en el resumen del caso de *Ramíres* v. *American Railroad Co.* 28 D. P. R. 181, 182, así:

"De acuerdo con la doctrina establecida en el caso de *Brac* v. *Ojeda,* 27 D. P. R. 658, cuando se conceden costas, éstas comprenden necesariamente algunos honorarios de abogado, a menos que tales honorarios se excluyan expresamente al dictarse la sentencia; en otras palabras, si la corte de distrito cree que la parte victoriosa en la acción no tiene derecho a honorarios, pero sí a costas, la sentencia, debe expresarlo así; y una vez concedidas las costas en la sentencia sin excluirse los honorarios, la corte de distrito, de acuerdo con las prescripciones del artículo 327 del Código de Enjuiciamiento Civil, aún tiene discreción respecto a la cuantía de los honorarios que han de concederse a la parte victoriosa que represente el valor total de los servicios prestados por su abogado o una parte de esa suma."

Es un hecho sobre el cual se ha llamado la atención en

repetidos casos, que en las cortes se vienen reclamando crecidas sumas de dinero por honorarios de abogado y que no existe una regla clara y precisa para determinar la cuantía.

Si el pensamiento del legislador y la jurisprudencia de esta Corte se estudian bien y se aplican en su propio espíritu, se verá que la regla existe. Consagra la ley el derecho a percibir honorarios. La cuantía queda a discreción de la corte. Esa discreción es amplísima, pues la corte no viene obligada a fijar lo que realmente haya pagado por honorarios la parte victoriosa, sino la cantidad que represente el valor de los servicios, y no toda la cantidad, en casos en que así las circunstancias que concurran lo demanden, sino una parte de ella. Todo depende, pues, de que los litigantes sepan presentar su caso exponiendo a la corte las circunstancias concurrentes y que la corte con ánimo de hacer justicia pese y aquilate dichas circunstancias y dicte en cada pleito la resolución que proceda.

Debe declararse sin lugar el recurso y confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.