CORTÉS & SEGURA, INC., demandante y apelante, *v.* FERNANDO J. CORTÉS, demandado y apelado.

No. 5411.—*Sometido:* Mayo 8, 1931. *Resuelto:* Mayo 13, 1932.

474

*F. Soto Gras,* abogado de la apelante; *Frazer & Castro Fernández,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La corporación demandante apela de resolución que fija el montante que debe pagar por costas.

El abogado de la apelante ataca, como cuestión preliminar y con palabras que no queremos calificar, nuestra decisión en el caso de *Brac* v. *Ojeda,* 27 D.P.R. 658, que fué ratificado en el de *Ramírez* v. *American Railroad Co. of Porto Rico,* 28 D.P.R. 182. Dicho abogado ha hecho el mismo ataque en otras ocasiones y en el de *Fragoso* v. *Marxuach,* 32 D.P.R. 690, en el que prescindiendo nosotros de los casos antes citados tratamos de nuevo la cuestión referente a costas y después de un detenido estudio llegamos a la misma conclusión que en los dos citados al principio. Con esto ponemos punto final a ese particular del alegato.

La sentencia que resolvió el pleito entre las partes fué revocada por este tribunal y declaramos sin lugar la demanda con las costas a la demandante. El fundamento de nuestra sentencia fué que el presidente de la corporación demandante no tenía facultades por sí solo para separar al demandado de la administración de los bienes de la corporación y para quitárselos, así como que el demandado no tenía injustamente la posesión de los bienes de la misma. *Cortés & Segura, Inc.,* v. *Cortés,* 40 D.P.R. 547.

En el memorándum que el demandado presentó para cobrar las costas figuran varias partidas, siendo una de ellas por honorarios del taquígrafo por la transcripción de la evidencia y otra por honorarios de abogado en cantidad de $2,500. El total era de $2,713.25. Fué impugnado ese memorándum por la demandante y la corte inferior lo aprobó por $859.80, habiendo rebajado a $800 los $2,500 que fueron reclamados por honorarios de abogado.

Siete motivos alega la apelante para sostener su recurso, de los cuales el primero y el sexto los argumenta separadamente y los restantes los trata conjuntamente.

En el primer motivo dice que fué error de la corte inferior no haber declarado nula por falta de juridicción la condena en costas que contiene nuestra sentencia en ese caso. Nos bastará decir por ahora que el artículo 306 del Código de Enjuiciamiento Civil, según fué enmendado en 1906, dispone que cuando este tribunal revoque una sentencia deberá dictar la que debió haber pronunciado el tribunal inferior. De acuerdo con ese precepto dictamos la sentencia que debió haber pronunciado el tribunal; resolviendo también la cuestión de costas que estaba ante él. Por consiguiente, este tribunal tuvo jurisdicción para imponer las costas actuando por el tribunal inferior y no impusimos costas originalmente causadas ante nosotros.

En el sexto motivo de la apelación se alega que fué error el aprobar el pago de cierta cantidad por la transcripción taquigráfica de la evidencia para la apelación del demandado.

La partida a que se refiere el señalamiento se consigna en el memorándum en la siguiente forma: ''Honorarios del taquígrafo por transcripción de la evidencia, $195.''

Al resolver sobre ella la corte de distrito se expresó así:

''La partida de $195, por honorarios del taquígrafo, por la transcripción de evidencia, se impugna porque no es recobrable como costas y porque no se acompaña la liquidación del taquígrafo. Los

honorarios del taquígrafo se cobran conforme a un arancel y por tanto están incluídos dentro de las costas. *Veve* v. *Municipio de Fajardo,* 18 D.P.R. 764. Véase además *Gandía* vs. *Stubbe,* 37 D.P.R. 771. No se ha presentado el recibo del taquígrafo, ni una liquidación para determinar si el cobro se ajusta al arancel. No consta si la cantidad de $195 fué pagada por una sola copia de la transcripción de los autos o por las tres que la ley señala. La copia que el demandado presentó en el acto de la vista del memorándum, certificada por el taquígrafo, para que la corte examinara el trabajo, contiene 249 páginas. Cada página tiene alrededor de 200 palabras. El arancel es de 10¢ por cada 100 palabras. A falta de prueba de que fueron tres las copias suministradas, ya que la corte no lo puede presumir, se reduce la partida a $49.80.''

El apelante insiste en que nada puede percibirse porque la transcripción se obtuvo a los efectos de la apelación y porque repetidamente se ha resuelto por esta Corte Suprema que en las apelaciones ante nosotros no hay costas. Cita específicamente el caso de *Polanco* v. *Goffinet,* 30 D.P.R. 882.

La Sección 5 de la ley creando las plazas de taquígrafos-reporters de los tribunales de distrito, aprobada el 10 de marzo de 1904, dice, en lo pertinente, así:

''Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona parte en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (*records*), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorario por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida en juicio; . . . .''

No aparece de los autos para qué se usó en verdad en concreto la transcripción de las notas taquigráficas en este caso, pero aceptando que lo fuera para la apelación, creemos que la ley tal como está redactada sostiene su inclusión en el memorándum como costas a percibir por la parte victoriosa, especialmente cuando esa resolución está apoyada por las decisiones de esta Corte Suprema que cita el juez sentenciador y además por las de *López* v. *The American Railroad*

*Company of Porto Rico,* 28 D.P.R. 266 y *Finlay* v. *Fabián,* 25 D.P.R. 52.

En el caso de Goffinet, *supra,* que invoca específicamente el apelante, lo que se decidió fué lo que sigue:

"En el segundo error se sostiene que la corte debió haber incluído en el memorándum la cantidad pagada al taquígrafo por la preparación del récord para la apelación que se interpuso para ante esta Corte Suprema. En el memorándum no se especificó esa partida. Nada dice la resolución de la corte sobre ella. Ni siquiera se fija su montante. Además, evidentemente se refería a las costas de la apelación que estaban fuera del alcance de la corte de distrito y que no fueron ni pudieron ser impuestas."

Como puede verse, las circunstancias concurrentes eran muy distintas y la atención de la corte estuvo únicamente fija en el hecho de que el determinar las costas de la apelación estaba, como en verdad está, fuera del alcance de la corte de distrito.

■■ Al tratar la apelante conjuntamente los otros motivos de error dice que pueden reducirse a tres aspectos fundamentales: primero, si la demandante es culpable o temeraria en el sostenimiento de la acción: segundo, el grado en todo caso de esa culpa o temeridad: y tercero, el valor de los servicios profesionales y la parte de ese valor que debe pagar la demandante con vista del grado de su culpa o temeridad.

La condena en costas que impusimos a la demandante al revocar la sentencia que se había dictado por el tribunal inferior contra el demandado demuestra por los hechos que entonces expusimos que la demandante había procedido temerariamente al demandar a Fernando J. Cortés y al privarle de la administración de los bienes de la sociedad que tenía legítimamente. Nuestra sentencia con la condena en costas es firme y por tanto no cabe discutir ni resolver ahora si fué erróneo tal pronunciamiento de costas.

Con respecto al segundo aspecto diremos que de acuerdo con la jurisprudencia establecida por esta corte, por mayo-

ría, no hay que fijar en la sentencia el grado de temeridad que puede apreciarse en ese momento o luego cuando se actúa directamente sobre el memorándum, y al revisar la conclusión a que llegó la corte de distrito la encontramos ajustada a las circunstancias concurrentes satisfaciendo la suma fijada tanto al criterio de los actuales jueces que formaron la mayoría al establecerse la indicada jurisprudencia, como al del juez que suscribe que estuvo con la minoría y que entiende que dicha suma constituye el valor razonable de los servicios del abogado en un caso corriente de temeridad.

El tercer aspecto queda resuelto con lo dicho anteriormente respecto a los otros dos especificados por la apelante; y no alegándose en los motivos de este recurso que la corte inferior cometiera error al valorar en $800 los honorarios del abogado del demandado no podemos declarar que la demandante no está obligada a pagar la cantidad fijada por la corte.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.