CHARLES E. LAWTON, demandante-apelante-apelado, *v.* VICENTE RODRÍGUEZ RIVERA, demandado; RAFAEL CARRIÓN PACHECO, querellado-apelado-apelante.

No. 5620.—*Sometido:* Enero 19, 1932. *Resuelto:* Mayo 31, 1932.

---

* NOTA: Véase el prefacio.

*F. Soto Gras,* abogado del apelante-apelado; *Henry G. Molina, J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados del apelado-apelante.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de apelaciones establecidas por ambas partes sobre la resolución de la Corte de Distrito fijando las costas que debe satisfacer la vencida en el pleito en la suma de mil dólares. El demandante, que ganó, cree que debe ordenarse el pago de $5,070. El querellado, que perdió, sostiene que sólo debe condenársele a pagar $150.

Los dos recursos se tramitaron por medio de una sola transcripción y serán estudiados y resueltos conjuntamente.

El memorándum del demandante contiene tres partidas, a saber: Honorarios del Secretario, $5; Honorarios del Taquígrafo, $65, y Honorarios del abogado F. Soto Gras, $5,000. Total, $5,070.

La partida de $5 fué impugnada por el querellado porque no se satisfizo; la de $65 porque de haberse satisfecho lo fué para la apelación y no procede en tal virtud recobrarla, y la de $5,000 por ser "absolutamente exagerada."

Los motivos que tuvo la Corte sentenciadora para actuar como actuó, se expresan por ella misma en su resolución, así:

"En cuanto al primer extremo del memorándum de costas, la Corte ha examinado los autos ofrecidos como prueba y encuentra que la moción solicitando se expida orden para mostrar causa, para no condenar por desacato a Rafael Carrión Pacheco, no tiene adherido sello alguno de $5, y sí lo tiene la moción del demandante apelando de la resolución de la Corte que declaró sin lugar la moción sobre mostración de causa para no condenar por desacato, y dictar auto de *injunction* perentorio contra Rafael Carrión Pacheco. De manera, pues, que estando el sello adherido al escrito de apelación y no a la moción sobre la que recayó la resolución de la que se apela, no es recobrable como gasto dentro del memorándum presentado.

"Igual resolución tenemos que dictar en cuanto al segundo apartado del memorándum, porque del propio recibo que ofreció el demandante suscrito por el taquígrafo de la Corte, aparece que la transcripción de evidencia se hizo para los efectos de la apelación.

"En cuanto al tercer extremo, la Corte, considerando la prueba practicada y la jurisprudencia citada por las partes, y estimando que los casos citados no tienen analogía alguna con el presente, y dando entero crédito y consideración a la prueba testimonial ofrecida, considerando las razones todas que deben apreciarse en casos de esta naturaleza, en que el juez es el árbitro a decidir en cuanto a la cuantía de honorarios, razones que están consignadas en el caso de Echevarría v. Saurí, 39 D.P.R. 505, fija la cuantía de honorarios, no en la suma que reclama el demandante, pero tampoco en la suma excesivamente baja que señala el demandado, sino en la cantidad que, a su juicio, estima justa, razonable y equitativa, y que fija, por la presente, en la cantidad de $1,000."

Después de un cuidadoso estudio de los autos y de los alegatos, creemos que lo resuelto en relación con los honorarios del Secretario, se ajusta a los hechos y a la ley. No así lo decidido en cuanto a los honorarios del taquígrafo.

En la reciente decisión de esta corte en el caso de *Cortés & Segura, Inc.* v. *Cortés,* 43 D.P.R. 473, se dijo:

"No aparece de los autos para que se usó en verdad en concreto la transcripción de las notas taquigráficas en este caso, pero aceptando que lo fuera para la apelación, creemos que la ley tal como está redactada sostiene su inclusión en el memorándum como costas a percibir por la parte victoriosa, especialmente cuando esa resolución está apoyada por las decisiones de esta Corte Suprema que cita el juez sentenciador y además por las de López v. The American Railroad Company of Porto Rico, 28 D.P.R. 266 y Finlay v. Fabián, 25 D.P.R. 52."

En cuanto a los honorarios, nos parece que la Corte apreció bien todas las circunstancias concurrentes y, teniendo en cuenta la jurisprudencia establecida por esta Corte sobre la materia, hizo buen uso de su discreción al fijarlos en la suma de mil dólares.

*Debe modificarse la resolución apelada ordenándose tam-*

*bien el pago de $65 por honorarios del taquígrafo, y así modificada, confirmarse.*

El Juez Asociado Señor Córdova Dávila no intervino.