RAMÓN VALCOURT, demandante y apelante, *v.* MARÍA TORRES y MARCELINO DÁVILA, demandados y apelados.

No. 6278.—*Sometido:* Abril 10, 1933. *Resuelto:* Abril 20, 1933.

*L. Feliú,* abogado del apelante; *Martínez Nadal & Martínez Rivera,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En oposición a una moción para desestimar por frívola la apelación interpuesta contra una resolución fijando costas, el apelante sostiene que el memorándum de costas no

fué debidamente jurado; alega en efecto que no había juramento alguno. Que un juramento tomado ante un subsecretario es suficiente es jurisprudencia ya establecida. *Pueblo v. Capre,* 44 D.P.R. 112; *Seín* v. *González,* 26 D.P.R. 190; *Pueblo* v. *Colón,* 17 D.P.R. 1011. Esta jurisprudencia está sostenida por 11 C. J. 913.

El apelante ha radicado ahora un alegato adicional. Convenimos con él en que el juramento en un memorándum de costas es indispensable y que igualmente el *jurat* puede considerarse como parte del juramento. Por supuesto, la parte principal del juramento es el hecho de que el declarante ha jurado él mismo, y toda falta de identificación en un *jurat* puede suplirse con prueba *aliunde.* Tal es nuestra decisión en el caso de *El Pueblo* v. *Capre,* supra.

El juramento al memorándum de costas fué hecho por el letrado que intervino en el caso que era necesariamente la persona apropiada para prestarlo. El deponente se describe a sí mismo como tal letrado. Después de la firma del letrado aparecen las palabras "suscrito y jurado ante mí, hoy día 10 de agosto de 1932.—P. del Manzano, Subsecretario." El apelante sostiene que no se identifica en debida forma al declarante en el *jurat* y que por ende el juramento no ha sido tomado debidamente. Una vez más es aplicable la jurisprudencia sentada en el caso de *Capre,* supra, pero creemos que podemos ir un poco más lejos.

Resolvemos que en general cuando una persona acude ante los atareados secretario o subsecretario de una corte de distrito para que se le tome el juramento, un *jurat* hecho en esta forma abreviada es suficiente. Podría presumirse, al no demostrarse lo contrario, que el funcionario conocía a la persona que acudió ante él y que estaba satisfecho de su identidad. La práctica en las cortes de distrito debe ser tal que el juramento pueda ser rápida y eficazmente hecho mediante dicho *jurat. Certum est quod certum reddi potest.* Creemos que esta forma de *jurat* está justificada por la práctica general a este respecto. La regla que estamos exponiendo es

particularmente cierta cuando el funcionario que acude ante el subsecretario es un abogado y así se le describe.

 Entrando en los méritos del recurso, no hay duda de que los honorarios de abogado forman parte de las costas. *Luce & Co.* v. *Cintrón,* 42 D.P.R. 921. Para esta corte la cuestión ha estado resuelta desde hace mucho tiempo.

Este fué un caso en que se levantó un embargo trabado contra la demandada y apelada y ella archivó un memorándum de costas, reclamando la suma de $250 por concepto de honorarios de abogado. La corte lo redujo a $200. No hallamos que se cometiera abuso de discreción al conceder esta suma y el apelante no nos convence de que hubiera tal abuso. Tampoco estamos convencidos de que costas ascendentes a $10 para el registro de la propiedad fueran excesivas.

*Debe desestimarse el recurso.*