ELVIRA JUANA MANUELA JOAQUINA GARCÍA FERNÁNDEZ, demandante, apelada y apelante, *v.* JOSEFA AGUAYO CASALS ET AL., demandadas, apelantes y apeladas.

No. 5864.—*Sometido:* Abril 26, 1933. *Resuelto:* Marzo 16, 1934.

*Tous Soto & Zapater,* abogados de las apelantes y apeladas; *Guerra-Mondragón & Soldevila,* abogados de la apelada y apelante.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En el caso arriba titulado las demandadas y apelantes comienzan su alegato diciendo que en este caso se dictó sentencia imponiendo las costas sin incluir honorarios de abogado y que dicha sentencia fué confirmada por este tribunal, a excepción de en un pequeño detalle. Las apelantes sabían muy bien que la jurisprudencia constante de este tribunal es que un pronunciamiento de costas incluye honorarios de abogado. En otra parte de su alegato las demandadas suscitan nuevamente la cuestión de la suficiencia del pronunciamiento.

La sentencia fué dictada por el Juez Gabriel Castejón, de la Corte de Distrito de Humacao, en comisión para actuar en Ponce. El caso principal es bien conocido de todos nosotros. En apelación para ante este tribunal se dictó sentencia por una corte dividida confirmando la decisión de la corte inferior excepto en lo relativo al pronunciamiento de intereses sobre frutos y rentas de los bienes envueltos. 39 D.P.R. 91. Nuestra decisión fué confirmada por la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito. 40 F. (2d) 831. De suerte que cuando el mandato fué remitido a la Corte de Distrito de Ponce, el memorándum de costas estaba en orden.

La demandante, Elvira Juana Manuela Joaquina García Fernández, presentó un memorándum por la suma de $20,168, de la cual $20,000 correspondían a honorarios de abogado. Las demandadas impugnaron el memorándum y alegaron que por varias razones los honorarios de abogado debían ser nominales. Se desprende que la demandante sólo insiste en por lo menos $5,000 como honorarios. La Corte de Distrito de

Ponce le concedió $3,000 por tal concepto y $18 por otros desembolsos, mas se negó a aprobar una partida de $300 por gastos que se alegaba habían sido hechos con motivo de un viaje efectuado por la demandante a Cuba, etc. Ambas partes apelaron.

El juramento del memorándum de costas estaba suscrito por Rafael Rivera Zayas, cuya intervención en el caso fué leve. Se ataca la suficiencia del juramento. No prestaremos gran atención a las informalidades del texto del juramento, toda vez que convenimos con la demandante en que la forma del juramento carecía de importancia y no fué adecuadamente impugnada. Igualmente dudamos de si el señalamiento de error cumple con nuestras reglas.

Entrando ahora en la cuestión realmente planteada por el primer señalamiento de error, nos sentimos obligados a resolver, según frecuentemente lo hemos hecho, que el derecho a las costas corresponde al cliente y no a determinado abogado en el caso, y por ende, que no importa que Rafael Rivera Zayas no interviniera en el caso hasta que se preparó el memorándum. Quizá cualquier persona que tuviera conocimiento de los hechos pudo jurarlo.

En el segundo señalamiento se sostiene que el memorándum de costas era deficiente al no expresar que los honorarios fueron pagados o que se debían por la demandante. También es de observarse que cuando una persona comparece ante la corte representada por un letrado, esa persona contrae la obligación de pagar honorarios de abogado con motivo del litigio. Conforme hemos indicado antes, los honorarios corresponden a la parte litigante y no al letrado.

El tercer señalamiento de error se refiere a la negativa de la corte a ordenar un pliego de particulares (*bill of particulars*) con respecto a los abogados que habían intervenido en el caso, la suma a que tenían derecho, dónde tuvieron lugar los juicios y a qué juicios o procedimientos se referían los honorarios. La corte, al presentársele el memorándum de costas, tenía facultad para considerar todo el litigio y de-

terminar los honorarios a que la demandante tenía derecho con motivo de las dificultades en que se vió envuelta como resultado de la posición asumida por las demandadas. Hallamos que una especificación era innecesaria. Esto resuelve tanto el tercero como el cuarto señalamiento de error.

◼ El quinto señalamiento es al efecto de que la corte erró al conceder honorarios de abogado como parte de las costas impuestas por la sentencia en este caso. No discutiremos esta cuestión más allá que para decir que en Puerto Rico tenemos un sistema especial de honorarios de abogado, y la jurisprudencia de los Estados Unidos citada por las demandadas no tiene aplicación específica.

◼ Los señalamientos de error séptimo, octavo, noveno, décimo, undécimo y duodécimo se dirigen todos, en tanto las cuestiones suscitadas no han sido consideradas por nosotros, a la discreción de la corte de distrito. Las demandadas apelantes se extienden en sus consideraciones para demostrar que no hubo temeridad de su parte. El artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado en 1917, provee en su parte final lo siguiente: ". . . Y *disponiéndose,* además, que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia." La corte hizo eso cuando impuso costas en la sentencia sin excluir los honorarios de abogado. El juez necesariamente creyó que hubo cierto grado de temeridad de parte de las demandadas. Por consiguiente, cuando de fijar la cuantía de los honorarios se trata, la corte tiene amplia discreción, y una vez determinado el hecho de la temeridad, no hallamos que se cometiera abuso de discreción al fijar $3,000 para honorarios.

◼ El décimo tercer señalamiento lee como sigue: "La corte erró al aprobar el memorándum por ser nula la sentencia que impuso las costas." Este es un señalamiento in-

suficiente, toda vez que no indica a este tribunal por qué la sentencia era nula y sin valor alguno.

El momento para atacar la sentencia que impone costas es en el pleito principal, y no cuando se presenta un memorándum de costas. Ahora bien, aunque nos podemos imaginar casos en que si una sentencia es enteramente nula, cuanto se ha hecho con posterioridad a ella podría muy bien ser nulo, sin embargo, conforme indica la demandante, esto difícilmente podría aplicarse a una sentencia inscrita. *Torres v. American Railroad Co.,* 34 D.P.R. 689.

El ataque que aquí se hace participa de la naturaleza de un ataque colateral y creemos que debe regirse por reglas similares. La objeción específica que ahora se plantea es que el Juez Castejón firmó su opinión y sentencia en Humacao y no en Ponce. Fueron firmadas así: "Humacao para Ponce." *Non constat* que el juez personalmente las llevara a Ponce. De todos modos, como la cuestión no fué suscitada antes, estamos convencidos de que las apelantes están impedidas (*estopped*), por su propia conducta, de plantear ahora tal cuestión. Si se hubiese presentado en tiempo, el Juez Castejón fácilmente habría podido subsanar tal omisión, de haberla.

También se ataca la sentencia por el fundamento de que la Corte de Distrito de Ponce, tal cual estaba constituída al tiempo en que fué nombrado el Juez Castejón como juez sustituto, había dejado de existir al dictarse la sentencia en este caso. No obstante, según indica la demandante, se permitió unánimemente que el juez actuara, sin objeción alguna, y él era por lo menos un juez *de facto,* de no serlo *de jure.* Nos inclinamos a creer que cuando un juez ve un caso y se reserva el fallo, el hecho de que la corte sea abolida o reorganizada, no le impide dictar sentencia. Frecuentemente es un caso de *nunc pro tunc.*

La resolución de la corte de distrito, en lo que a la apelación de las demandadas se refiere, debe ser confirmada. La demandante también apeló, pero tampoco vemos razón

para intervenir en la discreción de la corte inferior al fijar los honorarios.

Debe recordarse que las demandadas también fueron informadas de que tenían derecho a defenderse, y, siendo mujeres, necesariamente dependerían del consejo dádoles.

La demandante no nos convence de que el viaje a Cuba efectuado por ella fuera parte de las costas recobrables.

*La resolución apelada debe ser confirmada.*