JESÚS TRUJILLO LANGE y su esposa ANTONIA LANGE AVILÉS, demandantes y apelantes, *v.* JOSÉ LÓPEZ FERNÁNDEZ, demandado y apelado.

No. 6706.—*Sometido:* Febrero 13, 1935. *Resuelto:* Diciembre 24, 1935.

*José Sabater,* abogado de los apelantes; *J. Alemañy Sosa,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Creyendo que tenían derecho para ello, los apelantes radicaron una acción intitulada "*Injunction* para hacer desaparecer un estorbo público". Se dictó sentencia con costas en favor del demandado y los demandantes apelaron para ante este tribunal, que confirmó la sentencia. 45 D.P.R. 815. Al devolverse el caso el demandado victorioso radicó un memorándum de costas que, con alguna rebaja, fué aprobado por la suma de $1,000 por la Corte de Distrito de Mayagüez. En apelación los demandantes señalan tres errores, a saber:

"1. La corte inferior erró al permitir que se practicara prueba testifical sobre el valor razonable de los servicios que prestara el abogado del demandado-apelado para fundar en esto la fijación de tales honorarios.

"2. La corte inferior erró al no considerar como base primordial para fijar los honorarios de abogado del apelado el grado de culpabilidad que pudiera imputarse a los apelantes.

"3. La corte inferior erró al dejar de considerar las circunstancias especiales en que este caso se ha debatido, el propósito de la acción entablada por los apelantes contra el apelado y fijar una cantidad exagerada y excesiva como castigo a los apelantes."

■ Ha sido práctica tan corriente para las cortes de esta Isla y de otros sitios, permitir el testimonio de abogados como peritos para probar el valor de los servicios prestados por un letrado, que podemos aceptarla como derecho establecido basado en tal costumbre. En los siguientes casos se permitió testimonio de igual naturaleza: *Luce & Co. S. en C.* v. *Cintrón*, 42 D.P.R. 921; *Lawton* v. *Carrión*, 43 D.P.R. 579.

■ En lo que al segundo señalamiento de error se refiere, el disponiéndose importante del artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado en 1908, contiene la siguiente fraseología:

". . . *y disponiéndose, además,* que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad, si la hubiere, de la parte condenada por la sentencia."

En el 1917 (Ley núm. 36, (1) pág. 207) quedó enmendado en la siguiente forma:

". . . y *disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta *también* el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia." (*Bastardillas nuestras*).

De suerte, pues, que se desprende que la Legislatura en 1917 dejó en términos mucho a la discreción de la corte, mas sugirió también que el grado de culpa debía ser tomado en consideración, y creemos que debe tomársele. Según leía el disponiéndose originalmente, opinamos que la discreción de la corte era el elemento principal que intervenía para fijar la cuantía de los honorarios a ser concedidos. Al efecto de que la discreción de la corte desempeña el papel principal, puede hacerse referencia a los siguientes casos: *Del Toro* v. *Juncos Central Co.,* 43 D.P.R. 639; *Valcourt* v. *Torres,* 44 D.P.R. 913; *García* v. *Aguayo,* 46 D.P.R. 340.

En lo que concierne al tercer señalamiento de error, estamos muy lejos de convencidos de que la corte no tomó en consideración las circunstancias especiales del caso. Desde luego, hemos resuelto frecuentemente que el momento realmente oportuno para atacar la imposición de costas es al apelarse de la sentencia. Por tanto, sería difícil decir, en cualquier caso, que la corte al fijar la cuantía de los honorarios no tomó en consideración las circunstancias especiales del mismo.

██ Quizá, más importante que lo anterior, es el hecho de que los apelantes acudieron al remedio extraordinario de *injunction* para abatir un estorbo público. Antes de hacer esto, un demandante debe estar excesivamente seguro de sus motivos si desea evitar que finalmente se le condene al pago de costas y honorarios. No debe molestarse a un demandado con un pleito meramente porque un demandante tiene la idea de que él o la ciudad de Mayagüez tienen el título de la propiedad. No afecta seriamente la cuestión el hecho de que los de-

mandados para hacer su título claro hayan iniciado un expediente de dominio. No hallamos que la suma concedida sea excesiva.

*Debe confirmarse la resolución fijando las costas.*