Ramiro Castro, demandante y apelante v. Societé Anonyme des Sucreries de Saint Jean, demandada; August y Constant Goffinet, Interventores y apelados.

No. 3635.—*Visto:* Junio 10, 1925. *Resuelto:* Julio 24, 1925.

1. Costas—Cuantía, Tasación y Partidas—Imposición del Pago de Honorarios y Fijación de la Cuantía.—De acuerdo con la ley de costas, la corte sentenciadora juzgando las circunstancias concurrentes en cada caso, impone o no el pago de honorarios de abogado y fija su cuantía; interviniendo el Tribunal Supremo cuando dicha corte abusa de su discreción o comete manifiesto error.

2. Costas—Cuantía, Tasación y Partidas—Imposición del Pago de Honorarios y Fijación de la Cuantía.—Las cortes, al determinar la cuantía de los honorarios de abogado, no vienen obligadas a fijar la cantidad pagada por tal concepto por la parte victoriosa, sino aquella que represente el *valor de los servicios* prestados, y no toda, sino parte de ella, si así las circunstancias del caso lo exigieren.

3. Costas—Naturaleza, Fundamentos y Extensión del Derecho—Ejercicio de Discreción.—Hay dos momentos en que la corte sentenciadora ejercita su discreción en materia de costas: cuando dicta su sentencia y cuando aprueba el *memorandum*. La temeridad de la parte vencida debe tomarse en cuenta en el primero y puede considerarse en el segundo.

4. Costas—Cuantía, Tasación y Partidas—Imposición del Pago de Honorarios y Fijación de la Cuantía—Existencia de un Contrato de Iguala.—Existiendo un contrato de iguala entre la parte victoriosa y su abogado, puede tomarse en cuenta para determinar la cuantía de los honorarios, pero sin perder la corte de vista que el *valor de los servicios* es la base sobre la cual debe actuar al fijarlos.

Resolución de *Charles E. Foote*, J. (Primer Distrito, San Juan), aprobando memorándum de costas. *Modificada.*

*M. Tous Soto,* abogado del apelante; *Henry G. Molina,* abogado de los interventores-apelados.

Opinión del Juez Presidente Señor del Toro, con la cual está conforme el Juez Asociado Señor Hutchison.

Se apela de una resolución sobre costas y honorarios de abogado.

Ramiro Castro entabló demanda contra la Societé Anonyme des Sucreries de Saint Jean. Intervinieron en el pleito Augusto y Constancio de Goffinet y la corte finalmente dictó sentencia ordenando al demandante "pagar a los interventores del producto que reciba o haya recibido de las

doce cuerdas de plantilla mencionadas, la suma de $669.00,''
intereses y costas del pleito.

Firme la sentencia, los interventores presentaron un memorándum de costas que comprende dos partes, una por desembolsos ascendente a $24.60, y otra por honorarios que se eleva a $1,000.

El demandante Castro impugnó el memorándum por varios motivos. Los únicos que tienen importancia y que estudiaremos son los que se refieren a los honorarios, a saber: porque los interventores no han pagado, ni se han obligado a pagar mil dólares, ni ninguna otra suma por concepto de honorarios de abogado, y porque en todo caso los honorarios son excesivos.

En la vista del incidente declararon los abogados F. Soto Gras y H. G. Molina.

El primero se expresó así:

''Que ha examinado las alegaciones y las mociones y alegatos que forman el récord de este pleito, y también ha oído las declaraciones del Sr. Molina teniendo perfecto conocimiento así de la cuestión discutida como de la labor realizada por el señor Molina.

''Que en el caso se envuelve una cuestión de preferencia de crédito entre el arrendador de una finca rústica para cobrar el canon de arrendamiento y el refaccionista de cañas de azúcar sembradas en la misma finca para cobrar el montante de la refacción y consecuentemente se requería un estudio especial de la ley sobre refacción agrícola.

''Que la cuestión era de difícil solución, requería detenido e intenso estudio y no estaba al alcance de un abogado cualquiera con la preparación y la práctica como la del señor Molina.

''Que los honorarios del abogado que ha llevado un asunto no pueden ser apreciados teniendo en cuenta únicamente el tiempo invertido ante el Tribunal y es preciso tomar en consideración al estudio en la oficina, la dificultad de la cuestión en estudiar y la constancia de no ser una de las discusiones corrientes y sobre las cuales hay algo ya decidido.

''Que teniendo en cuenta todas las circunstancias a que se ha referido y que concurren en este caso cree de buena fe y sin duda alguna que la cantidad de mil dollars cobrada como honorarios por·

el señor Molina no es excesiva y constituye una compensación razonable por sus servicios, aunque la cantidad envuelta en el litigio sea inferior a dicha cantidad.

"Que en un pleito envolviendo una fuerte suma de dinero puede ser muy fácil y su estudio y atención ante la corte merecer honorarios módicos y en cambio un asunto de pequeña cuantía puede envolver cuestiones tan obscuras y difíciles como las de este pleito de honorarios crecidos."

Y el segundo dijo:

"Que es abogado de los interventores August y Constant de Goffinet y también de la demandada Societé Anonyme des Sucreries de Saint Jean, teniendo una misma iguala con unos y otros, pagándosele los honorarios convenidos por los trabajos de ambos, estando obligado al estudio y defensa de todos los asuntos que durante el año se interpongan contra la sociedad o los señores de Goffinet; que de acuerdo con el convenio del testigo con sus referidos clientes, además de la iguala fijada por sus servicios profesionales, el testigo habría de recibir todos los honorarios concedidos a cualquiera de dichos clientes en cualquier litigio ante las cortes de Puerto Rico, y dicha condición se tuvo en cuenta por el testigo al fijar la cantidad de la iguala.

"Que distribuyéndose las cantidades pagadas por él como iguala por la Societé Anonyme des Sucreries de Saint Jean y los señores Goffinet durante el período de tiempo que ha estado pendiente este pleito entre el número de aquellos asuntos a que ha atendido durante el mismo tiempo, corresponderá a este asunto la cantidad de cincuenta o sesenta dollars."

El demandante Castro no presentó prueba alguna y la corte dictó la resolución a que nos referimos al principio.

Examinando nuestras decisiones encuéntrase que un gran número de ellas trata sobre la materia de costas, especialmente en el particular relativo a honorarios de abogado. Parece que hay una tendencia a cobrar cantidades realmente elevadas por honorarios de abogado y aunque las cortes de distrito y esta Corte Suprema han generalmente rebajado esas cantidades, se dice que no habiéndose establecido una regla fija, todo permanece en lo incierto y los litigantes comparecen a las cortes temerosos de que la condena de costas

pueda constituir para ellos un gravamen o penalidad superior a sus fuerzas.

[1, 2] Tal como está redactada la ley vigente en Puerto Rico, no es posible establecer otra regla que no sea la de dejar a la corte sentenciadora que, juzgando las circunstancias concurrentes en cada caso, imponga en el mismo los honorarios y fije su cuantía, interviniendo esta Corte en grado de apelación cuando la corte sentenciadora abusa de su discreción o comete manifiesto error.

Si el estatuto determinara cierta cantidad nominal para todos los casos, o cierta escala en relación con la cuantía del litigio o la naturaleza del mismo, podría obtenerse la previa certeza que parece desear el abogado de la parte apelada. Quizá sería lo mejor bajo las condiciones que se han desarrollado, pero no es para nosotros resolverlo, sino para la Legislatura.

Sin embargo, dentro de la ley y la jurisprudencia como existen, no vemos motivo de gran alarma si la una y la otra se aplican debidamente. En el caso de *Fragoso* v. *Marxuach,* 32 D. P. R. 690, después de analizar varias decisiones, dijo el tribunal:

"Es un hecho sobre el cual se ha llamado la atención en repetidos casos que en las cortes se vienen reclamando crecidas sumas de dinero por honorarios de abogado y que no existe una regla clara y precisa para determinar la cuantía.

"Si el pensamiento del legislador y la jurisprudencia de esta Corte se estudian bien y se aplican en su propio espíritu, se verá que la regla existe. Consagra la ley el derecho a percibir honorarios. La cuantía queda a discreción de la Corte. Esa discreción es amplísima, pues la corte no viene obligada a fijar lo que realmente haya pagado por honorarios la parte victoriosa, sino la cantidad que represente el valor de los servicios, y no toda la cantidad, en casos en que así las circunstancias que concurren lo demanden, sino una parte de ella. Todo depende, pues, de que los litigantes sepan presentar su caso exponiendo a la corte las circunstancias concurrentes y que la corte con ánimo de hacer justicia pese y aquilate dichas circunstancias y dicte en cada pleito la resolución que proceda."

La ley prescribe:

"Sección 1.—El artículo 327 del Código de Enjuiciamiento Civil, queda enmendado en la siguiente forma:

"Sección 327.—Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

" 'En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta Sección, se entenderá que concede honorarios de abogado para ser incluidos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.' " Leyes de 1917, Vol. I, página 207.

Véanse los otros artículos del Código que fijan el procedimiento que debe seguirse una vez que se archiva el memorándum.

[3] Hay dos momentos en que la corte sentenciadora ejercita su discreción, a saber: 1, cuando dicta su sentencia, y 2, cuando aprueba el *memorándum*: para imponer o nó las costas en el primero con o sin honorarios: para graduar su cuantía en el segundo; debiendo llamarse poderosamente la atención hacia el hecho de que la ley faculta a la corte para condenar al pago de todo el valor de los servicios del abogado de la parte victoriosa o de una parte de dicho valor, de acuerdo, como es natural, con las circunstancias que en cada caso concurran.

La temeridad de la parte vencida es una de esas circunstancias. Cuando la corte condena por su sentencia al pago de las costas, es porque estima que la parte vencida actuó temerariamente. La temeridad tiene varios grados. Al dictar su sentencia, apreciando el grado de temeridad de la

parte vencida, puede la Corte condenarla al pago de las costas excluyendo de ellas los honorarios de abogado o puede simplemente condenarla en costas, condena que lleva consigo la de honorarios de abogado, teniendo luego la oportunidad dicha corte de considerar de nuevo la mayor o menor temeridad de la parte vencida a los efectos de graduar la cuantía de los honorarios.

Otras muchas circunstancias pueden tenerse en cuenta por la corte para fijar la cuantía. Véase el caso de *Bertrán v. Carrasquillo,* 29 D. P. R. 559, donde se transcribe jurisprudencia sobre la materia resumida por *Corpus Juris.*

En el caso concreto sometido a nuestra consideración es difícil llegar a una conclusión matemática. El abogado de la parte victoriosa reconoció que tenía un contrato con sus clientes y se refirió a una pequeña suma en relación con el tiempo empleado en este litigio, pero habló además de que el contrato estipulaba que dicho abogado tenía derecho a percibir los honorarios que se concedieran a su cliente en cualquier litigio ante las cortes y que ello se había tenido en cuenta para fijar la iguala.

Bajo esas circunstancias no podemos estar conformes con la parte apelante con respecto a que la única suma que puede concederse en este caso como honorarios es la de cincuenta o sesenta dólares que el mismo abogado de los interventores calculó como proporción entre el tiempo empleado en este litigio y la iguala. Si durante todo el año en que tuvo lugar este litigio los interventores sólo hubieran tenido un pleito, se hubieran visto obligados a pagar siempre a su abogado la suma acordada. ¿Sería justo que se condenara a la parte vencida en este pleito a satisfacer toda dicha suma? En modo alguno.

Aunque en verdad es a la parte victoriosa y no a su abogado a la que se reconoce el derecho a percibir los honorarios de abogado, la norma que da la ley para el cálculo es el "valor de los servicios" y ese valor es el que debe fijarse por la corte para ordenar que se pague íntegro o en parte,

según las circunstancias que en cada caso concurran.   Cuando existe un contrato de iguala entre la parte victoriosa y su abogado, puede tomarse en cuenta para determinar la cuantía en relación con las otras circunstancias concurrentes, pero nunca debe perderse de vista que es el valor de los servicios mismos lo que debe tenderse a fijar por la corte como base de su actuación.

Atendidas todas las circunstancias que concurren en este caso bien puede concluirse que el valor de los servicios del abogado de la parte victoriosa puede fijarse en mil dólares, pero ¿debe ordenarse el pago de todo el valor o de una parte del mismo?

No resulta extraordinario el grado de temeridad de la parte vencida.   Ella entabló su reclamación.   Intervinieron otras personas y alegaron su mejor derecho a la suma reclamada y la corte finalmente les reconoció ese derecho.   Se trataba de una cuestión de ley nueva, difícil, sobre la cual al parecer no existía jurisprudencia y siendo ello así cabe explicar la persistencia de la parte vencida en defenderse. Además, la suma concedida por la sentencia sólo asciende a $669.   ¿Cómo es posible conceder mil de honorarios? Tendría que tratarse de un caso verdaderamente extraordinario en que toda circunstancia militara en contra de la parte vencida.   Creemos que doscientos dólares, que es más del veinte por ciento de la sentencia, es la parte del valor de los servicios que equitativamente debe ordenarse satisfacer en este caso.

En conexión con todo lo expuesto, véase la opinión de esta Corte emitida por el Juez Asociado Sr. Hutchison en el caso de *López Ramírez de Arellano, et al.,* v. *Benítez Castaño,* etc., resuelto en el día de hoy, (pág. 592.)

*La resolución apelada debe modificarse en tal sentido y, así modificada, confirmarse.*

El Juez Asociado Señor Wolf no tomó parte en la resolución de este caso.

OPINIÓN DEL JUEZ ASOCIADO SR. FRANCO SOTO CON LA CUAL
ESTÁ CONFORME EL JUEZ ASOCIADO SR. ALDREY.

Estoy conforme con el resultado de la sentencia rebajando el montante de honorarios de abogado a la suma de $200 por ser excesiva la cantidad de $1,000 que fué concedida por el juez inferior a los apelados, toda vez que la importancia de los servicios prestados por el abogado apelado en relación con la cuantía en litigio que monta a $669 no fueron bien apreciados por el juez inferior al fijar tales honorarios.

Parece ser de gran trascendencia que fijemos, sin embargo, nuestro criterio en la cuestión relativa a costas, ya que no obstante las numerosas decisiones de este tribunal que existen rendidas desde hace años sobre la materia, surge hoy una división en el tribunal en cuanto a la recta interpretación del artículo 327 del Código de Enjuiciamiento Civil que había sido enmendado en marzo 12, 1908, y más tarde por la Ley No. 38 de abril 12, 1917 (p. 207).

Seguramente que la incertidumbre de que se habla por el abogado de los apelados sosteniendo que no existe un criterio fijo en las decisiones de esta Corte sobre costas, se debe sin duda en no tener en cuenta el origen o precedentes de la Ley de Enjuiciamiento Civil española, de donde se tomó la materia prima, si podemos decirlo así, para enmendar el Código de Enjuiciamiento Civil vigente, tomado a su vez de la legislación de California, pero quedando enmendado más tarde en lo relativo a costas en la forma que más adelante se indica.

Los artículos 327 y 339 del Código de Enjuiciamiento Civil vigente, tal como fué aprobado originalmente, dicen lo siguiente:

"Art. 327.—La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso o tácito de las partes; pero las partes en pleitos o procedimientos tendrán derecho a las costas y a los desembolsos, según más adelante se dispone.

"Art. 339.—La parte en cuyo favor se dictare la sentencia, y

que reclamare sus costas, entregará al Secretario, dentro de los cinco días después de haberse dictado dicha sentencia o de la notificación de la decisión de la corte o del árbitro, un memorándum de las partidas de costas y de los desembolsos necesarios hechos en el pleito o procedimiento, cuyo memorándum se certificará con el juramento de la parte, o con el de su abogado o agente, o con el del empleado de su abogado, haciendo constar que, según su leal saber y entender, las partidas son correctas, y los desembolsos se han causado necesariamente en el pleito o procedimiento. La parte a la que no se pagaren las costas reclamadas, puede, dentro de tres días después de la presentación y notificación del memorándum de aquéllas, presentar una moción para que se impongan dichas costas por la corte que dictó la sentencia o por el Juez de ésta en su despacho.''

Y tal como han quedado enmendados por leyes aprobadas en 1917, vol. I, p. 207, y vol. II, p. 229, dicen literalmente:

''Section 327.—Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

''En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta sección, se entenderá que concede honorarios de abogado para ser incluidos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.

''Art. 339.—Las costas se reclamarán por la parte a la cual hayan sido concedidas, entregando al secretario de la corte en que se hubiere dictado sentencia en primera instancia un memorándum de dichas costas, de los desembolsos necesariamente hechos por el reclamante en el pleito y del montante de los honorarios de su letrado, la veracidad del cual memorándum deberá ser jurada por la parte o su abogado; y la entrega de dicho memorándum se hará dentro de los diez días siguientes al en que haya vencido el término para ape-

lar de la sentencia dictada en el caso de que no se hubiere apelado; si se hubiere apelado, la entrega se hará dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia.

"A la parte condenada al pago deberá servírsele una copia de dicho memorándum por la que lo presente, pudiendo aquélla impugnar todas o cualesquiera de sus partidas dentro de los diez días siguientes al en que se le haya entregado su copia. En caso de impugnación, la parte contraria, dentro de los cinco días siguientes al en que se le haya entregado la copia de aquélla, podrá contestarla. La corte señalará día para la vista del asunto y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución.

"Si se hubiesen impugnado los honorarios de un abogado por excesivos, la corte, al resolver la impugnación, si la declara con lugar, fijará el montante de aquellos que deben ser pagados.

"Contra las resoluciones de la corte resolviendo impugnaciones hechas a un memorándum de costas se podrá apelar por la parte o por su abogado.

"Cuando no se hubiese impugnado en tiempo un memorándum de costas, o cuando hecha la impugnación el tribunal hubiere dictado resolución definitiva en el asunto, y no se hubiere interpuesto recurso contra la misma o, en caso de haberse interpuesto, se dictare sentencia definitiva de acuerdo con la resolución de dicho recurso, deberá la parte condenada al pago consignar su montante en la secretaría de dicha corte dentro de los cinco días siguientes a la notificación que por el secretario se le haga con tal fin. Si así no lo hiciese se librará orden de ejecución en la misma forma que para la de una sentencia; *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogados se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento."

En el orden natural del procedimiento lo primero es la condena de costas y después viene en segundo término determinar su cuantía. En cuanto a la sola imposición de costas, o sea, al primer momento, ya la Ley de Partidas, ley 8ª, tít. 22, Partida 3ª, para justificar que merecen pena los que promueven pleitos maliciosamente y sin derecho,

porque molestan sin razón a sus contrarios ocasionándoles costas y gastos, añade:

"E por ende. decimos que los que en esta manera facen demandad, o se defienden contra otro, non habiendo derecha razón por que lo deban facer, que non tan solamente debe el juzgador dar por vencido en un pleito, en el juicio de la demanda, al que lo ficiere, más aun lo debe condenar en las costas que fizo la otra parte por razón del pleito. Empero, si el Juez entendiere que el vencido se moviera por alguna derecha razón para demandar o defender su pleito, non ha por qué le mandar que peche las costas."

Y esta antigua doctrina legal ha sido conservada, en otras palabras, en el último proviso del artículo 327, *supra,* lo que en el orden lógico debía ser lo primero por que debió empezar a tratarse la disposición sobre costas. Al dictarse sentencia es que se determina la condena de costas y entendemos que este es el solo momento en que las mismas son concedidas en todo, en parte o rehusando concederlas, teniendo en cuenta el juez inferior en su discreción la temeridad o el grado de culpa o completa exención de la parte vencida. De manera que si la temeridad es manifiesta la imposición de costas es cuestión de ley, pero si se entendiese que el vencido se moviese, como dice la ley de Partidas, por alguna derecha razón para demandar o defender su pleito, entonces es que interviene la discreción del juez apreciando tales motivos para graduar la temeridad o el grado de culpa y absolver o imponer parte de las costas. Esto no puede ser más racional, pues no pudiendo ser tal discreción arbitraria, a merced del capricho de un juez, sino judicial, inspirada en las circunstancias de cada caso, la teoría de la Ley es una garantía, sobre todo si consideramos que tal discreción está sujeta a ser revisada en apelación. Pero una vez que pasa esta oportunidad y no se combate con la sentencia final el pronunciamiento de costas, la cuestión de temeridad o grado de culpa deja de tener ningún peso o valor para discutir y apreciar la cuantía de las costas en el procedimiento que para fijarlas ha prescrito la ley por separado. Y antes de seguir

adelante en este punto y volviendo al primero, diremos que
el Tribunal Supremo de España en varias sentencias esta-
blece las reglas a que ha de subordinarse la materia, decla-
rando que dicha ley exige para la condena de costas en la
primera instancia, que son las únicas provistas por nuestra
ley local, que sea maliciosa la demanda, o que el litigante
ya sea actor o demandado, carezca de razón derecha o pro-
ceda con temeridad.  Se declara también que el tribunal in-
ferior es el que aprecia tales circunstancias como cuestión
de hecho por el resultado de los autos y que en apelación no
se puede ir contra tal apreciación a menos que exista error
de derecho o de hecho, este último resultante de documentos
o actos auténticos obrantes en los autos.  Sentencias de 27 de
febrero de 1861, 69 J. C. 279;  9 de enero de 1862, 7 J. C.
24;  4 de enero de 1866, 13 J. C. 2;  4 de octubre de 1869,
20 J. C. 374;  11 de febrero de 1874, 29 J. C. 266;  10 de
marzo de 1881, 45 J. C. 474;  15 de diciembre de 1883, 53 J.
C. 409 y otras muchas.

Una vez impuestas las costas y firme la sentencia en ese
punto, llegamos al procedimiento especial para fijar su cuan-
tía.  El artículo 339 del Código de Enjuiciamiento Civil,
supra, es el que regula el procedimiento.  Sobre las costas
propiamente dichas y los desembolsos necesariamente hechos
que deben consignarse en el memorándum que al efecto se
archive por la parte reclamante apenas hay nada que decir,
pues ellos están sujetos a un arancel.  Por esto dicho ar-
tículo 339 nada dice de lo que hará el juez inferior en ese
particular.  En cambio expresamente dispone que: ''Si se
hubieren impugnado los honorarios de un abogado por ex-
cesivos, la corte, al resolver la impugnación, si la declara con
lugar, fijará el montante de aquéllos que deben ser paga-
dos.''  La ley prescribe además que se practicarán las prue-
bas pertinentes que las partes propongan.  Se puede obser-
var que la legislatura siguió la norma de la Ley de Enjui-
ciamiento Civil española de un procedimiento incidental in-
dependiente para fijar el montante de los honorarios de abo-

gado cuando son impugnados, pero se separó de ella no sometiendo, desde luego, la tasación a pruebas taxativas, pues en aquella ley se somete la cuestión al colegio de abogados, y donde no lo hubiere a dos letrados designados por el juez, si bien es de advertir que el criterio de este último no quedaba sujeto al dictamen del colegio de abogados designado. Artículo 427 de la Ley de Enjuiciamiento Civil española. De todos modos la práctica de tales pruebas no tenía más objeto que determinar la importancia de los servicios y así tiene que ocurrir en nuestra ley enmendada, no desviándose de la antigua en ese sentido. Nada tenía que ver entonces el elemento de temeridad, malicia o grado de culpa que había servido de fundamento para la condena en el pleito principal. La discreción del juez inferior no tiene que fundarse para nada en la temeridad o grado de culpa al fijar la cuantía de honorarios y negamos que su discreción sea continua en ese punto hasta llegar a su última decisión y fijar el montante. Si se adoptase tal criterio en sentido "de considerar de nuevo la mayor o menor temeridad de la parte vencida a los efectos de graduar la cuantía de honorarios," podría a cada momento darse el caso que confirmada en una apelación una sentencia que dió por bien impuestas las costas en razón a la temeridad de la parte vencida, o consentida la sentencia en dicho extremo, se suscitará nuevamente la misma cuestión ya juzgada al decidir sobre la impugnación al memorándum de costas. Debemos insistir, por consiguiente, diciendo que la cuestión de si una parte ha de pagar las costas por haber sido declarada su temeridad en el pleito queda decidida definitivamente por la sentencia o por la apelación en ese particular y que solamente en el memorándum se determina la cuantía o montante de lo que tiene que pagar dicha parte según el valor o importancia de los servicios del abogado y no fijar tal valor o importancia por el grado de temeridad que tuviera en su acción o defensa. El juez, por tanto, puede reducir los honorarios a la cantidad que estime justa o declarar no haber lugar a la impug-

nación tomando como base la importancia de los servicios prestados por los abogados. En muchas decisiones de esta corte se ha declarado más de una vez de un modo implícito que la cuestión de temeridad no es cuestión que puede suscitarse de nuevo al fijar la cuantía de los honorarios de abogado. En el caso de *Cruz* v. *Valentín*, 31 D. P. R. 258, fué decidido que el memorándum de costas no tiene otro objeto que determinar y fijar la cantidad que debe ser pagada, citándose los casos de *Veve* v. *Municipio de Fajardo*, 18 D. P. R. 771; *Busigó* v. *Yordán*, 19 D. P. R. 627; *Hermida* v. *Márquez*, 19 D. P. R. 466; *Byrón* v. *González*, 19 D. P. R. 1035; *Fajardo Sugar Co.* v. *Santiago*, 19 D. P. R. 1151; y *Laborde* v. *López*, 29 D. P. R. 518. En el caso de *Busigó, supra,* se declaró que la corte inferior carece de jurisdicción para resolver en un memorándum de costas si un abogado tiene derecho o nó a cobrar honorarios por su propia defensa porque tal cuestión debe ser resuelta en la sentencia que pone fin al pleito.

No es extraño, sin embargo, que la cuantía de honorarios haya tomado a veces extravagantes proporciones no obstante la pequeña cantidad en litigio, como ocurre en este caso, y aun con mayor razón pudiera suceder en casos de más importancia; el mal está en el sistema y en que tal vez nos hemos desviado enteramente de la antigua práctica y nuestras decisiones quizá han ido un poco más lejos en cuanto a la naturaleza de tales honorarios.

En la práctica anterior los letrados solían poner el valor del servicio al pie de su firma y luego al presentar su minuta no se incluían en ella los honorarios en globo sino en detalle, partida por partida, por su orden de fechas, y el objeto del servicio.

El fin de esto era saber si los honorarios habían sido devengados en el pleito porque las conferencias para preparar el pleito o sostener su defensa o las consultas evacuadas con el mismo objeto, no podían exigirse de la parte condenada en costas sino que el abogado podía exigir el pago

por esos conceptos directamente de su cliente.   No se consideraban dichos servicios como devengados en el pleito, aunque con él tuvieran relación.   La ley vigente no define la naturaleza o servicios de los honorarios que pueden ser exigidos a la parte contraria; las nuevas prácticas y la jurisprudencia han interpretado, sin embargo, en sentido de no establecer diferencia y esto indudablemente los han hecho más crecidos.   Pero de cualquier modo, aunque las circunstancias que concurran las aprecia el juez inferior según las reglas de una sana discreción, no hay peligro, sin embargo, de que pueda abusar o hacer un mal uso de tal discreción porque su resolución es apelable a diferencia de la antigua ley que no daba recurso alguno contra el auto del juez, cualquiera que fuere la resolución que contenga.