Fernando del Toro Saldaña, demandante y apelante, *v.* The Juncos Central Co., demandada y apelada.

No. 4497.—*Sometido:* Enero 31, 1929. *Resuelto:* Nov. 13, 1929.

*Manuel A.* y *José Martínez Alvarez,* abogados del apelante; *Henry G. Molina* y *Leopoldo Feliú,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La apelada The Juncos Central Co. tuvo en arrendamiento por unos doce años antes del 6 de abril de 1922 tres fincas rústicas propiedad del apelante y en la expresada fecha celebraron dichas partes un nuevo contrato de arrendamiento en escritura pública por término de tres años y seis

meses de las mismas fincas, siendo una de sus estipulaciones la siguiente:

"Octava. La corporación arrendataria se obliga a que los límites que se han fijado por el agrimensor don Armando Morales en las fincas arrendadas, no sufran variación alguna, conservando en buen estado los puntos que los determinan."

Una de esas fincas, la nombrada "Lechuga" según la escritura pública mencionada y según el plano a que ella hace referencia del agrimensor Armando Morales, hecho en 16 de julio de 1921, pocos meses antes de otorgarse la escritura de arrendamiento, tiene su punto occidental de colindancia por el sur frente al sitio donde la Quebrada Ceiba desemboca en el río Gurabo en la orilla opuesta. El río Gurabo es la colindancia sur de toda la finca.

Vencido el término del arrendamiento y no habiendo sido entregadas a su dueño don Fernando del Toro Saldaña las fincas arrendadas demandó en desahucio a su arrendataria, y dictada sentencia condenatoria fué cumplida judicialmente el 21 de diciembre de 1925 entregándose las tres fincas a su dueño, quien en agosto del año siguiente demandó a The Juncos Central Co. en procedimiento de *injunction* para recobrar la posesión de una porción de terreno de la finca "Lechuga" de cuya porción alegó le había privado su demandada; porción triangular cuyo punto de colindancia oeste está por el sur en el sitio en que la Quebrada Ceiba desemboca en el río Gurabo, extendiéndose la base del triángulo hacia el este por algunos metros, yendo entonces sus lados a encontrarse en línea recta en el punto norte occidental de la colindancia de la finca "Lechuga".

No negó la corporación apelada en su contestación a esa demanda que está poseyendo dicha porción triangular, pero alegó que la posee desde hace algunos años como parte de otra finca de su propiedad, que no forma parte de la finca "Lechuga", y que el demandante no ha tenido la posesión real o material de ella dentro del año precedente a la pre-

sentación de su demanda de *injunction*, y sí la demandada, la que tiene instalada allí una toma de agua desde hace más de diez años.

No tenemos duda alguna de que la porción triangular de 6 cuerdas 28 céntimos objeto del procedimiento que motiva esta apelación forma parte de la finca "Lechuga" que fué dada en arrendamiento a la apelada, porque el límite oeste de esa porción es una línea recta entre el sitio donde la quebrada Ceiba desemboca en el río Gurabo y un punto en el norte, no discutido, que son los mismos puntos que según la escritura de arrendamiento y según el plano que le sirvió de base tiene la finca "Lechuga", estando necesariamente el otro lado del triángulo más al este en la expresada finca "Lechuga", por ser ésta mayor que la porción objeto del pleito; y porque las 6 cuerdas 28 céntimos reclamadas completan las 64½ cuerdas de terreno que como finca "Lechuga" fué dada en arrendamiento.

Estando, pues, la porción reclamada dentro de la finca "Lechuga" en su parte occidental y estando probado, y admitido por la apelada en su contestación a la demanda, que dicha finca fué entregada judicialmente a su dueño en cumplimiento de la sentencia de desahucio, es indudable que el dueño tenía la posesión de la parcela reclamada, aunque la entrega se hiciera por el funcionario judicial dando posesión de las tres fincas por la descripción que tienen y no por sus puntos sobre el terreno, importando poco si en ese acto el arrendatario retuvo dicha parcela o si después de entregada la ocupó; pues en el primer caso el arrendatario poseía en nombre del dueño (*Porto Rico Benevolent Society* v. *Municipio de Ponce,* 28 D.P.R. 825) y en el segundo, porque privó de la posesión al que la tenía.

Es cierto que el procedimiento especial de *injunction* para recobrar la posesión no es el adecuado para determinar los verdaderos límites de una propiedad, según hemos resuelto repetidamente, pero en este caso no se trata de decidir cuál es el lindero suroeste de la finca "Lechuga", pues por la es-

critura de arrendamiento y por el plano a que ella hace referencia el punto extremo oeste por el sur de la misma fué aceptado por las partes, y es la desembocadura de la Quebrada Ceiba, que es también el punto occidental del trozo reclamado, con lo que está conforme la demandada y apelada.

*Por lo expuesto la sentencia apelada debe ser revocada y dictarse otra declarando la demanda con lugar, con costas a la demandada.*