FERNANDO DEL TORO SALDAÑA, demandante y apelado, *v.* JUNCOS CENTRAL Co., hoy UNITED PORTO RICAN SUGAR Co. (OF PORTO RICO), demandada y apelante.

No. 5729.—*Sometido:* Mayo 18, 1932. *Resuelto:* Junio 8, 1932.

*Henry G. Molina, Walter L. Newsom Jr.* y *G. Benítez Gautier,* abogados de la apelante; *Frank H. Dexter* y *R. Díaz Cintrón,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la apelación de una resolución de la Corte de Distrito de Humacao concediendo costas la demandada alega que éstas son excesivas. Este era un caso en que el demandante y apelado instituyó un procedimiento para recobrar la posesión, conocido como interdicto. La controversia fué muy disputada y la corte de distrito dictó sentencia a favor de la demandada, pero esta corte revocó la sentencia, con costas. 40 D.P.R. 144. La decisión de esta corte fué confirmada por la de Circuito de Apelaciones. 41 Fed. (2d) 32. Por tanto, subsiste el hecho de que el demandante tuvo derecho a una sentencia en la corte inferior y sin embargo allí la demandada le ganó el caso. Esta corte, como no es costumbre al revocar, impuso las costas a la parte victoriosa en la corte inferior.

Convenimos con la apelante en que no es necesario que los honorarios de abogado sean iguales al total de los servicios del letrado, mas la corte inferior tiene derecho, bajo las circunstancias de cada caso, a conceder todos o parte de los honorarios efectivamente devengados, conforme hemos resuelto en el caso de *Castro* v. *Société Anonyme,* 34 D.P.R. 575. Toda la cuestión descansa dentro de la discreción de la corte de distrito y no se nos ha convencido de que la suma de $600 sea excesiva.

También hubo una partida de desembolsos consistentes en el costo de tres automóviles, a $15 cada uno, para trasladar a dos abogados y dos testigos peritos. En lo que atañe a los abogados, dudamos si la partida de gastos de viaje debe estar a expensas de la parte contraria. Se supone que los abogados están en la corte ante la cual ejercen. Véase, por la paridad del razonamiento, el caso de *Mas* v. *Borinquen*

*Sugar Co.,* 18 D.P.R. 304, 309. De todos modos, convenimos en que la partida era excesiva y que no debe pasar de $15, cantidad que no aprobaremos por otra razón que inmediatamente discutiremos.

■ También se reclamaron las costas de dos testigos peritos a $100 cada uno. Estos dos testigos eran agrimensores que sólo comparecieron una vez a la corte. Encontramos que la partida es excesiva, y debe reducirse a la cantidad de $50 por cada testigo. Tal vez nos inclinaríamos a rebajarla más, a no ser por el hecho de que estos testigos también podrían tener derecho a gastos de viaje. Por lo tanto, no haremos ningún pronunciamiento especial con respecto a gastos de viaje, sino que dejaremos que los $50 concedidos para cada uno de los peritos abarquen sus servicios profesionales y su transportación.

*Debe modificarse la orden apelada en el sentido de rebajar los desembolsos a $100, y, así modificada, confirmarse.*