ASOCIACIÓN DE CONDÓMINOS CONDOMINIO BORINQUEN TOWERS II, demandante y recurrida, *v.* HÉCTOR TRELLES REYES, ETC., demandados y recurrentes.

*Número:* RE-87-287     *Resuelto:* 7 de marzo de 1988

*E. Berríos Dávila*, abogado de los recurrentes; *Efraín Aponte Berdecía*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Conforme con la Ley de Propiedad Horizontal,[1] ¿puede un consejo de titulares de un condominio imponer una cuota especial a un condómino que ocasiona temerariamente gastos legales a la asociación de condóminos? Plasmemos el trasfondo sinóptico de hechos[2] que origina esta incógnita.

I

Para el año 1980, Héctor Trelles Reyes y su esposa Carmen Fernández Mujica eran titulares y residían en el Apto. 908 del Condominio Borinquen Towers II, y como tales, eran miembros de la *Asociación de Condóminos* de dicho condominio. Los esposos Trelles-Fernández cuestionaron sin éxito ante la Junta de Directores varios acuerdos adoptados con referencia a la razonabilidad del presupuesto funcional y procedencia de ciertos gastos aprobados, incluso un contrato de fumigación. Inconformes, el 8 de noviembre de 1982 presentaron una querella (Núm. QPH 83-29) ante el Dpto. de Asuntos al Consumidor (D.A.C.O.). Mientras estaba pen-

[1] Ley Núm. 104 de 25 de junio de 1958, según enmendada por la Ley Núm. 157 de 4 de junio de 1976 (31 L.P.R.A. sec. 1291 *et seq.*).

[2] A estos fines hemos tomado conocimiento judicial de los autos del recurso CE-85-853, *Consejo de Titulares del Condominio Borinquen Tower[s] II, etc.* v. *Héctor Trelles Reyes, etc.*

diente de dilucidarse, el 23 de febrero de 1983 formularon otra, la QPH 83-51, donde alegaban nuevamente violaciones consistentes en no habérsele permitido a Trelles hablar ni intervenir en una asamblea, haberse suscrito contratos contrarios al reglamento, y negársele acceso a ciertos documentos, incluso a los estados financieros. El 6 de junio, previa vista al efecto, D.A.C.O. desestimó todos sus reclamos, salvo que ordenó que estuvieran disponibles a los titulares de los apartamientos, los libros, comprobantes y demás documentos relacionados con los asuntos financieros del Condominio, incluso la auditoría de los libros de cuentas debidamente auditados y certificados por un contador público autorizado. En reconsideración D.A.C.O. se reafirmó. Eventualmente el Tribunal Superior, Sala de San Juan, proveyó no ha lugar a un recurso de revisión instado contra D.A.C.O.

El 21 de junio de 1983 presentaron una tercera querella ante D.A.C.O. (QPH 83-70). En ésta esencialmente reprodujeron sus anteriores planteamientos y quejas. Oportunamente, tanto la segunda querella como ésta fueron resueltas en su contra.

Ante este despliegue de instancias administrativas y judiciales, el 4 de noviembre de 1983 el Consejo de Titulares presentó en el Tribunal Superior, Sala de San Juan, la demanda de *injunction* y daños y perjuicios (PE-83-1445) contra los esposos Trelles-Fernández. El Consejo de Titulares fundó su causa de acción en que las actuaciones de Trelles habían interrumpido y obstaculizado los trabajos normales del Consejo de Titulares y la buena administración del condominio, lo que le causó gastos excesivos e inversiones injustificadas. Los demandados recurrentes Trelles-Fernández negaron responsabilidad. Luego de los trámites de rigor, dicho tribunal declaró con lugar la demanda y les ordenó que desistieran de ciertos actos. *Los condenó a satisfacer $1,500 por concepto de honorarios, costas y gastos.*

A solicitud de los esposos Trelles-Fernández ese dictamen fue revisado por este Foro. Mediante sentencia de 20 de mayo de 1986 modificamos el dictamen en cuanto a ciertos extremos de la orden prohibitoria (incisos (i) y (v)). Así modificada, fue confirmada.

Paralelamente, ante la negativa de los esposos Trelles-Hernández para satisfacer las cuotas de mantenimiento, el Tribunal de Distrito, Sala de Río Piedras, en el caso Civil Núm. 84-4782 dictó sentencia en su contra. *Les impuso $1,000 de honorarios de abogado.*

Como resultado de todas las polémicas y reclamos de los esposos Trelles-Fernández con la Junta de Directores, el 25 de junio de 1985 la Asociación de Condóminos los demandó judicialmente en cobro de "una cuota de mantenimiento especial autorizada por el Artículo 38(e) de la Ley de Propiedad Horizontal . . . impuesta por la resolución mayoritaria de la Junta de Titulares del Condominio de referencia y por la Junta de Directores los días 19 de diciembre de 1984 y 30 de enero de 1985, respectivamente . . .". Demanda original de 25 de junio de 1985, pág. 2. La demanda original en el Tribunal de Distrito, Sala de Río Piedras, fue por la cantidad de $5,769.40. Posteriormente fue enmendada a $17,586.35, lo que motivó el traslado del caso al Tribunal Superior, Sala de San Juan. El 21 de abril de 1987 ese foro sumariamente declaró con lugar la demanda fundado en que "[t]odos los incidentes provocados por el señor Trelles ocasionaron *gastos legales* a la parte demandante, que de acuerdo a sus auditores Quiñones & Monserrat, según certificación de 10 de junio de 1986, la suma gastada de $19,562.76". Sentencia de 21 de abril de 1987, pág. 2. Acordamos revisar.

## II

Procede revocar. La disposición de ley invocada por el foro de instancia no autoriza este tipo de cuotas. Veamos.

■■ La regla general es que los "titulares de los apartamientos están obligados a contribuir *proporcionalmente* a los gastos para la *administración*, conservación y reparación de los elementos comunes generales del edificio y, en su caso, de los elementos comunes limitados, *así como a cuantos más fueren legítimamente acordados*". (Énfasis suplido.) 31 L.P.R.A. sec. 1293c. En lo que atañe a la fiel solución del recurso, del texto transcrito sobresale la existencia de la cuota regular mensual según la *regla de proporcionalidad*, por razón de los gastos en la *administración* del inmueble.

■ Por otro lado, el estatuto únicamente provee la imposición de una *cuota especial* y se aparta de la regla de proporcionalidad en dos supuestos: "(i) al titular del apartamiento cuyos ocupantes o visitantes, sin impedir o estorbar el legítimo derecho de los demás titulares, regularmente, *hagan uso tan intenso de cualquier elemento común*, que los gastos de operación, mantenimiento o reparación de dicho elemento común sobrepasen los que razonablemente deban incurrirse en el uso normal y corriente de la referida facilidad, (ii) al titular del apartamiento que por la naturaleza de la actividad que legítimamente lleva a cabo en su apartamiento, conforme al destino que le ha sido asignado al mismo en la escritura de constitución, ocasione unos gastos comunes mayores a los que habría que incurrir si en el apartamiento en cuestión no se llevase a cabo la referida actividad. La cantidad impuesta para cubrir el importe del exceso de gastos de referencia se añadirá y será exigible como parte de los gastos comunes atribuibles a dicho apartamiento." (Énfasis suplido.) 31 L.P.R.A. sec. 1293b(e).

El decreto del tribunal a quo no versa sobre una de estas cuotas especiales. Se funda esencialmente en la imposición del pago por concepto de *gastos legales* incurridos por el

Consejo de Titulares al acudir los esposos Trelles-Fernández a plantear sus quejas y reclamar vehementemente —aunque sin total razón— ante D.A.C.O. y los tribunales. En su máximo alcance conceptual, dicha cuota especial pretendió costear todos los gastos ocasionados por las conductas temerarias de los esposos Trelles-Fernández.

■ En cuanto a los honorarios de abogado, la norma prevaleciente es que éstos se conceden por temeridad y dependen de la discreción del tribunal sentenciador. *Boyd* v. *Tribunal Superior*, 101 D.P.R. 651, 662 (1973); *Montañez Cruz* v. *Metropolitan Cons. Corp.*, 87 D.P.R. 38, 40 (1962); E.L. Chiesa, *Práctica Procesal Puertorriqueña, Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, Cap. VII, pág. 235 y ss. Su cuantificación no tiene que coincidir matemáticamente con el valor real de los servicios prestados o pagados, sino con aquella suma que en consideración al grado de temeridad y demás circunstancias el tribunal concluye que representa razonablemente el valor de esos servicios. *Del Toro* v. *Juncos Central Co.*, 43 D.P.R. 639, 640 (1932); *Castro* v. *Societé Anonyme des Sucreries*, 34 D.P.R. 575, 578–580 (1925); *Fragoso* v. *Marxuach*, 32 D.P.R. 690, 695 (1924); *Beltrán et al.* v. *Carrasquillo et al.*, 29 D.P.R. 559, 561–562 (1921).

■ Según lo antes indicado, tanto el Tribunal de Distrito, Sala de Río Piedras, como el Tribunal Superior, Sala de San Juan, en las acciones de cobro de cuotas y el *injunction*, respectivamente, los condenaron a satisfacer $1,000 y $1,500 en honorarios de abogado y gastos. Si el Consejo de Titulares estimó que esas sumas no eran razonables debió solicitar e intentar ante esos foros[3] un aumento en tales par-

---

[3] Hacerlo al presente representaría un fraccionamiento de causas, contrario a la doctrina de cosa juzgada en la modalidad que impide litigar lo que pudo

tidas. En cuanto a otros gastos, el Consejo de Titulares pudo reclamarlos en calidad de *daños* sufridos como parte de la causa de acción del *injunction*. Ciertamente, como alternativa, no procedían a través de una cuota *especial* que la Ley de Propiedad Horizontal no autoriza. A lo sumo, por su naturaleza podían y pueden ser sufragados por todos los titulares bajo la *regla de proporcionalidad* como gastos administrativos incurridos legítimamente. 31 L.P.R.A. sec. 1293(c).

*Se dictará sentencia revocatoria.*

haber sido adjudicado en una acción anterior. *Mercado Riera* v. *Mercado Riera*, 100 D.P.R. 940 (1972); *Isaac Sánchez* v. *C.I.T. Credit Universal*, 95 D.P.R. 372 (1967); *Capó Sánchez* v. *Srio. de Hacienda*, 92 D.P.R. 837 (1935); *Riera* v. *Pizá*, 85 D.P.R. 268 (1962).