Ortiz Camón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Wal-Mart Puerto Rico, Inc. apela una sentencia dictada por el Tribunal de Primera Instancia, Sala de Humacao, mediante la cual se le impuso la responsabilidad de indemnizar a la Sra. Sandra Pérez Hernández con la suma de $20,000.00 para compensarle por los daños sufridos como consecuencia de un accidente un su establecimiento comercial.
Wal-Mart señala que el tribunal apelado erró al determinar que el accidente fue causado por su negligencia; al estimar la cuantía de los daños; y al imponerle honorarios de abogado.
I
El 8 de septiembre de 1995, la señora Pérez presentó una demanda contra Wal-Mart en la que alegó que mientras se encontraba en uno de los pasillos de la tienda de Fajardo, un carro de carga la impactó, cayéndose sobre la plataforma del vehículo sufriendo daños en el pie derecho, la rodilla derecha y otras partes del cuerpo, por lo que reclamó una compensación de $100,000.00.
Wal-Mart contestó la demanda afirmando que la caída de la señora Pérez fue causada exclusivamente por su propia negligencia al dar un paso atrás sin percatarse de la presencia del carro de carga que transitaba en ese momento por el lugar. También negó la relación causal entre el accidente en cuestión y los daños alegados por ella.
Luego de vanos trámites procesales, el tribunal apelado concluyó que el accidente se debió *1092 exclusivamente a la conducta negligente del empleado de Wal-Mart que arrastraba el carro de carga. A tenor con tal conclusión dictó sentencia en la que condenó a Wal-Mart a indemnizar a la señora Pérez con la suma de $20,000.00. Además, le impuso a Wal-Mart $2,000.00 de honorarios de abogado.
n
El Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, establece que para exigir responsabilidad civil extracontractual tiene que concurrir un daño, una conducta culposa o negligente, y una relación causal entre dicho acto culposo o negligente y el daño sufrido.
El Tribunal Supremo de Puerto Rico ha establecido que será causa suficiente en derecho aquella que ordinariamente produce el daño, según la experiencia general. Soto Cabral v. E.L.A., 140 D.P.R. _ (1995), 95 J.T.S. 49, a la pág. 816; Jiménez v. Pelegrina Espinet, 112 D.P.R. 700, 704 (1982). Siendo así, no es causa adecuada toda condición sin la cual no se hubiese producido el resultado, sino aquella acción u omisión que por sí misma es capaz normal o regularmente, conforme la experiencia o el curso normal de los acontecimientos, de producir el daño en cuestión. Soto Cabral v. E.L.A., supra, a la pág. 816; Sepulveda de Arrieta v. Barreto Domínguez, 139 D.P.R. _ (1994), 94 J.T.S. 158, a la pág. 548.
Por otra parte, el Artículo 1803 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5142, dispone, en lo pertinente:

"La obligación que impone la sección anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus junciones."

m

En el caso de autos, Wal-Mart cuestiona la determinación del tribunal apelado en tomo a que su empleado incurriera en conducta negligente que causara el accidente sufrido por la señora Pérez. En la alternativa cuestiona la cuantía de daños estimada por el tribunal apelado.
Durante el juicio, la señora Pérez presentó su propio testimonio y el testimonio pericial del doctor Luis Faura Clavell. Por Wal-Mart, testificaron el Sr. Vicente Carlos Febus, empleado que movía el carro de carga al momento del accidente, y como perito el doctor y fisiatra Cándido Martínez Mangual.
Sobre el aspecto de la negligencia, la señora Pérez testificó que al momento del accidente ella estaba de pie, con su pie derecho hacia atrás, frente a una góndola, examinando unos bultos, cuando sintió un impacto en la parte interior de su tobillo derecho que ocasionó que cayera en la plataforma del carro de carga que la golpeó. Transcripción de la prueba oral, pág. 66. Por la otra parte, el señor Carlos Febus, el empleado de Wal-Mart que movía el carro de carga, testificó que cuando iba a pasar por el lugar donde estaba la señora Pérez, pidió permiso, observó que ella estaba quieta, prosiguió la marcha, y estando el carro detrás de ella, fúe que ella dio un paso con el pie derecho hacia atrás golpeando el carro de carga y cayendo sentada en su plataforma. Id., a la pág. 127.
Basándose en tales testimonios, el tribunal apelado determinó que el accidente sufrido por la señora Pérez se debió a la negligencia del empleado de Wal-mart. Examinada la prueba desfilada durante el juicio no existen fundamentos para que este Tribunal intervenga con la apreciación de la prueba realizada por el tribunal sentenciador, mediante la cual determinó que hubo negligencia exclusiva por parte de Wal-Mart. Es norma reiterada que un tribunal apelativo no debe intervenir con la apreciación que de la prueba desfilada haya hecho el foro de primera instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Levy v. Autoridad de Edificios Públicos, 136 D.P.R. __ (1994), 94 J.T.S. 32, a la pág. 11632; Pérez Marrero v. Colegio de Cirujanos Dentistas de P.R., 132 D.P.R. _, *1093 92 J.T.S. 124, a la pág. 9943.
En cuanto a los daños físicos sufridos como consecuencia del accidente en cuestión la señora Pérez testificó que cuando la fueron a levantar de la plataforma sintió dolor en la pierna izquierda. Id., a la pág. 70. Declaró que al día siguiente del accidente visitó a su doctor de cabecera, José A. Tavárez, y éste le inyectó su rodilla izquierda para aliviarle el dolor y la inflamación. Id., a las págs. 71-72. Añadió que estuvo acostada toda la semana siguiente al accidente por causa de ese dolor. Id., a la pág. 76.
Por su parte, el doctor Luis Faura Clavell declaró que la señora Pérez visitó su oficina el 23 de mayo de 1996 y le informó que para septiembre de 1994 sufrió un accidente en un establecimiento comercial y que como consecuencia de ese accidente desarrolló dolores en el tobillo izquierdo, en la rodilla izquierda y en la región lumbar. Id., a la pág. 10. El doctor Faura testificó que la señora Pérez padecía de una radiculopatía lumbar derecha, a nivel de las vértebras 4 y 5; un desgarre grado 1 del menisco medial de la rodilla izquierda; y un derrame de líquido en la rodilla izquierda. Id., a la pág. 21. Por otro lado, aclaró que en su informe cometió un error en la evaluación del por ciento de incapacidad que produjo la radiculopatía pues en lugar del 15% que consignó debió ser un 10%, por ser la lesión en la región lumbar. Id., a la pág. 24. Añadió que la lesión en la rodilla izquierda ocasiona un 4% de incapacidad para un total de incapacidad de 14%. Id., a la pág. 23. Finalmente, concluyó que la incapacidad que tiene la señora Pérez, producto de sus lesiones en la región lumbar y rodilla izquierda, era consecuencia del accidente que ésta sufrió el 8 de septiembre de 1994 en la tienda Wal-Mart. Id., a las pág. 26-27.
Sin embargo, durante el contrainterrogatorio el doctor Faura declaró que nunca trató como médico a la señora Pérez y que su contacto con ella se limitó a la evaluación que le hiciera el 23 de mayo de 1996. Id., a la pág. 28. Testificó que la señora Pérez nunca le notificó que durante el año 1993 fue hospitalizada en Estados Unidos y recibió terapias por una condición lumbar a nivel de las vértebras 3, 4 y 5. Id., a las págs. 29-30. Admitió que tal hecho demuestra que la condición lumbar de la señora Pérez existía con anterioridad al accidente que tuvo en Wal-Mart. Id., a la pág. 32.
Sobre la condición de la señora Pérez en su rodilla izquierda, reconoció que el estudio de resonancia magnética que se le efectuó a ella seis días después del accidente en Wal-Mart, el 14 de septiembre de 1994, además de un derrame de líquido, demostró un "cambio degenerativo mixoide". Aceptó que una condición degenerativa tarda más de seis días en desarrollarse. Id., a las pág. 36-37. Admitió que en su examen directo testificó que la señora Pérez padecía de radiculopatía lumbar derecha cuando lo correcto es, según consignó en su informe, que padecía de radiculitis lumbar derecha. Id., a las págs. 46-47. También aceptó que para estimar en su informe la incapacidad de la señora Pérez utilizó los estimados de radiculopatías lumbares por lo que siendo la condición una radiculitis el por ciento de incapacidad consignado era una especulación. Id., a la pág. 48. Añadió que por no ser la radiculitis necesariamente permanente sería difícil adjudicarle un por ciento de incapacidad. Id., a la pág. 50. Por último, cambió su diagnóstico y concluyó que como resultado del accidente en cuestión lo que sufrió la señora Pérez fue una recurrencia en su condición lumbar y un trauma en su rodilla izquierda al que no podía adjudicársele por ciento de incapacidad. Id., a las págs. 54-55.
Por otro lado, el fisiatra Cándido Martínez Mangual declaró sobre la condición de la rodilla izquierda de la señora Pérez, que el estudio de resonancia magnética que se le efectuó reflejó cambios mixoides degenerativos y que esa condición no tiene relación alguna con el accidente que ella tuvo en Wal-Mart. Id., a la pág. 154. Añadió que su examen físico de la paciente demostró la condición degenerativa en la rodilla izquierda y que no existía evidencia de desgarre. Id., a las págs. 158 y 165. Sobre la condición lumbar testificó que de su examen no surgió evidencia de radiculitis ni de radiculopatía. Id., a la pág. 165. A preguntas del representante legal de la parte demandante descartó que el accidente en cuestión provocase una recurrencia en la condición lumbar puesto que del expediente médico surgía que la señora Pérez expresó por primera vez quejas sobre dolores en esa región ocho meses después del accidente y que considerando el tipo de lesión cualquier recurrencia tenía que manifestarse no más tarde de 48 horas con posterioridad al accidente. Id., a las págs. 169-170. El resumen de la prueba oral hace evidente que con anterioridad al accidente en Wal-Mart, la señora Pérez padecía de lesiones tanto en su región lumbar como en su rodilla izquierda. La señora Pérez no pudo probar qué condiciones específicas de los daños que sufre en su región lumbar y rodilla *1094 izquierda fueron consecuencia del accidente en Wal-Mart. 
Por el contrario, quedó establecido que durante el año 1993 la señora Pérez estuvo hospitalizada y recibió terapias por una condición lumbar a nivel de las vértebras 3, 4 y 5. Así mismo, el estudio de resonancia magnética que se le efectuó a ésta en la rodilla izquierda, sólo seis días después del accidente en Wal-Mart, aparte de una condición degenerativa, únicamente demostró un derrame de líquido. La única prueba no controvertida sobre los daños sufridos por la señora Pérez como consecuencia del accidente que tuvo mientras estaba en Wal-Mart fue que sufrió un derrame de líquido en su rodilla izquierda y que debido a los dolores tuvo que permanecer acostada una semana. Por tanto, siendo éstos los únicos daños debidamente probados la suma de $20,000.00 concedida por el tribunal apelado como indemnización resulta exageradamente alta. Sabido es que los tribunales apelativos pueden intervenir con la indemnización de los daños, si las cuantías concedidas resultan claramente inadecuadas e improcedentes, esto es, que sean ridiculamente bajas o exageradamente altas. Quiñones López v. Manzano Pozas, 141 D.P.R. _ (1996), 96 J.T.S. 95, a la pág. 1315. En atención a los daños probados consideramos apropiada una indemnización de $6,000.00.
Por último, Wal-Mart cuestiona la imposición de honorarios de abogado. Una vez determinada la temeridad del demandado, la determinación del tribunal de primera instancia acerca de la procedencia de honorarios de abogado y su cuantía es discrecional. CNA Casualty de Puerto Rico v. Torres Díaz, 141 D.P.R. _ (1996), 96 J.T.S. 85, a la pág. 1248; Asociación de Condominos v. Trelles Reyes, 120 D.P.R. 574, 579 (1988). Es doctrina establecida que, en apelación, no se intervendrá con la cuantía impuesta en dicho concepto a menos que sea excesiva, exigua o constituya un abuso de discreción.
CNA Casualty de Puerto Rico v. Torres Díaz, supra, a la pág. 1248; Revlon Realistic, Inc. v. Las Américas Trust Company, 136 D.P.R. _ (1994), 94 J.T.S. 27, a la pág. 11614.
Visto el trámite procesal del presente caso consideramos que la cuantía de $2,000.00 de honorarios de abogado impuesta por el tribunal apelado no constituyó un abuso de discreción ni resulta excesivamente alta.
IV
Por estos fundamentos, se modifica la sentencia apelada para rebajar la cantidad de indemnización por daños a $6,000.00, y así modificada se confirma.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General