ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| INOCENCIA CASIANO DÍAZ, ÁNGEL J. CASIANO DÍAZ, MARÍA INOCENCIA CASIANO DÍAZ, MARÍA DEL CARMEN CASIANO DÍAZ, JORGE LUIS CASIANO DÍAZ, PURA CASIANO DÍAZ, ANA DELIA CASIANO DÍAZ y ROSA MARÍA CASIANO DÍAZ<br><br>Apelantes<br><br>V.<br><br>JUAN EVANGELISTA CASIANO DÍAZ, JORGE MANUEL CASIANO DÍAZ, y HEYSHA FIGUEROA MELÉNDEZ, HARRIET FIGUEROA MELÉNDEZ y HÉCTOR FIGUEROA MELÉNDEZ todos miembros de la Sucesión de JOSÉ FIGUEROA CASIANO<br><br>Apelados | KLAN202500149 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV05157<br><br>Sobre: IMPUGNACIÓN Y NULIDAD DE TESTAMENTO |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Juez Barresi Ramos y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece ante este Tribunal la parte apelante (Inocencia Casiano Díaz, y otros), mediante un recurso de *Apelación* presentado el 24 de febrero de 2025, y solicita que revisemos la *Sentencia* notificada el 7 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la misma, el foro primario desestimó con perjuicio la causa de acción presentada por

---

[1] Conforme la OATA-2025-078 del 14 de mayo de 2025, se asignó a la Hon. Glorianne M. Lotti Rodríguez, en sustitución de la Hon. Sol de B. Cintrón Cintrón.

Número Identificador

SEN2025 _____

Inocencia Casiano Díaz, y otros, e impuso honorarios de abogado por temeridad a favor de la parte apelada.

Por los fundamentos que expondremos a continuación, se modifica la *Sentencia* apelada, así modificada se confirma. Veamos.

**I.**

El 19 de septiembre de 2023, la parte demandante, Inocencia Casiano Díaz, Ángel J. Casiano Díaz, María Inocencia Casiano Díaz, María del Carmen Casiano Díaz, Jorge Luis Casiano Díaz, Pura Casiano Díaz, Ana Delia Casiano Díaz y Rosa María Casiano Díaz presentaron, por segunda ocasión, una demanda sobre Impugnación y Nulidad de Testamentos contra Juan Evangelista Casiano Díaz, Jorge Manuel Casiano Díaz, Heysha Figueroa Meléndez, Harriet Figueroa Meléndez y Héctor Figueroa Meléndez.

En síntesis, Inocencia Casiano Díaz y otros, alegaron en su demanda que la testadora, la Sra. Silvia Casiano Díaz, carecía de capacidad mental en el momento en que otorgó el Testamento Abierto mediante Escritura Pública número quince (15) el 3 de abril de 2019 ante el notario Grimaldi Maldonado Maldonado. Además, informaron haber presentado dicha causa de acción en el Tribunal de Primera Instancia, Sala Superior de San Juan, bajo el número SJ2022CV02670, y que se había dictado sentencia el 7 de agosto de 2023, desestimando la reclamación por insuficiencia de emplazamiento y falta de partes indispensables.

Luego de varios trámites procesales, el 18 de diciembre de 2023, Inocencia Casiano Díaz y otros, solicitaron el emplazamiento por edicto de los codemandados, Héctor Figueroa Meléndez y Harriet Figueroa Meléndez. Ese mismo día, el foro primario autorizó el emplazamiento por edicto.

Posteriormente, el 6 de marzo de 2024, Inocencia Casiano Díaz y otros, presentaron una *Demanda Enmendada* para incluir al

codemandado, Juan Evangelista Casiano Díaz, en su carácter de albacea.

El 11 de marzo de 2024, la demandada, Heysha Figueroa Meléndez compareció sin someterse a la jurisdicción y solicitó que se dejara sin efecto el emplazamiento por edicto a los codemandados Harriet Figueroa Meléndez y Héctor Figueroa Meléndez, toda vez que la declaración jurada que se utilizó para fundamentar la solicitud de emplazamiento por edicto carece de veracidad y credibilidad.

El Tribunal de Primera Instancia celebró una vista evidenciaria los días 26 de agosto y 11 de diciembre de 2024 para dilucidar la solicitud de nulidad de emplazamiento por edicto presentada por Heysha Figueroa Meléndez.

El 16 de diciembre de 2024, enmendada *nunc pro tunc*, el 18 de diciembre de 2024, el foro apelado dictó una *Sentencia Parcial* mediante la cual dejó sin efecto los emplazamientos por edicto dirigidos a Harriet y Héctor ambos de apellidos Figueroa Meléndez, y desestimó con perjuicio la acción contra dichos codemandados por falta de diligenciamiento de emplazamientos conforme la Regla 4.3 (c) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.3. Asimismo, se le ordenó a la parte demandante mostrar causa por las cuales no se debía archivar la demanda por falta de partes indispensable.

El 20 de diciembre de 2025 la parte demandante presentó una *Moción en Cumplimiento de Orden*.

El 5 de enero de 2025, notificada el 7 de enero de 2025, el foro primario emitió *Sentencia* desestimando con perjuicio la reclamación, y le impuso a la parte demandante el pago de las costas, así como el pago de $500.00 en honorarios de abogado por temeridad a favor de Heysha Figueroa Meléndez, y $500.00 en honorarios a favor del codemandado, Juan Evangelista Casiano Díaz.

El 22 de enero de 2025, la parte demandante presentó una *Moción de Reconsideración,* la cual fue denegada por el Tribunal de Primera Instancia el mismo día. La orden denegando la reconsideración fue notificada el 23 de enero de 2025.

En desacuerdo, el 24 de febrero de 2025, Inocencia Casiano Díaz, y otros, comparecieron ante nos mediante *Apelación.* Plantean:

Primer señalamiento de error:
**Erró y abusó de su discreción el Tribunal de Primera Instancia, al no incluir en la sentencia apelada las determinaciones de hechos probados que constituyen los fundamentos de toda sentencia, según lo establecido en la Regla 42.2 de las Reglas de Procedimiento Civil, vigentes.**

Segundo señalamiento de error:
**Erró y abusó de su discreción** el Tribunal de Primera Instancia**, al darle credibilidad a un testigo de la parte demandada que declaró sobre lo que otras personas le dijeron como prueba de referencia y no le prest[ó] credibilidad a lo que declar[ó] bajo juramento el emplazador de la parte demandante de las gestiones que hizo para cumplir con los emplazamientos por edicto de los demandados en rebeldía Harriet y Héctor Figueroa Meléndez.**

Tercer señalamiento de error:
**Erró y abusó de su discreción** el Tribunal de Primera Instancia **al imponerle honorarios de abogado por temeridad a los demandantes de $500.00 pagaderos a cada uno de los demandados[,] Juan Evangelista Casiano Díaz y Heysha Figueroa Meléndez, cuando los hechos del caso demuestran que los demandantes al incoar la demanda se limitaron a defender sus derechos, la misma estaba provista de fundamentos y no era una acción frívola.**

El 25 de marzo de 2025, la parte apelada, Heysha Figueroa Meléndez, presentó el *Alegato en Oposición a Apelación.* Entre otros asuntos, alegó que la segunda desestimación procede con perjuicio, toda vez que la acción de epígrafe fue desestimada en una primera ocasión por falta de parte indispensable al incumplir con el término de 120 días para completar el emplazamiento. Además, arguyó que este Tribunal se encuentra impedido de atender cualquier revisión de la *Sentencia Parcial* por ser final, firme e inapelable. Sostuvo que, el foro recurrido no actuó de forma arbitraria al imponer la cuantía

de honorarios de abogado, y que la determinación de temeridad es una subjetiva del foro primario.

El 4 de abril de 2025, el apelado Jorge M. Casiano Díaz presentó, por derecho propio, un escrito titulado *Moción uniéndonos a solicitud de desestimación.*

Con el beneficio de los escritos antes mencionados y luego de evaluado el expediente, procedemos a resolver.

**II.**

A.

Nuestro ordenamiento procesal civil requiere, como norma general, que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. *Pérez Vargas v. Office Depot / Office Max, Inc.,* 203 DPR 687, 700 (2019). A esos efectos, la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, establece que "[e]n todos los pleitos, el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". 32 LPRA Ap. V, R. 42.2. No obstante, la precitada regla exime de cumplir con dicha formalidad al resolver mociones bajo las Reglas 10 o 36.1 y 36.2 de Procedimiento Civil, *supra,* o al resolver cualquier otra moción.

El tratadista Rafael Hernández Colón, al evaluar las disposiciones de la Regla 42.2 de Procedimiento Civil, *supra,* sostiene que las determinaciones de hechos probados que de ordinario se consignan en una sentencia no son más que el resultado del proceso adjudicativo al que se adentra un tribunal luego de celebrado el juicio en su fondo. Este proceso, a su vez consiste en "dirimir los conflictos que pueda haber, determinar la credibilidad de los testigos, determinar qué documentos se tendrán por auténticos y determinar qué hechos se tendrán por probados". Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* en la pág. 609 (6ta ed., San Juan, Ed. LexisNexis de

Puerto Rico, Inc., 2017). Es por ello, que nuestro Tribunal Supremo ha establecido que no es necesario formular determinaciones de hechos y conclusiones de derecho al resolver mociones que disponen finalmente de un pleito, con excepción a lo dispuesto en la Regla 39.2 de Procedimiento Civil, *supra*. *Pérez Vargas v. Office Depot / Office Max, Inc., supra.*

**B.**

La jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018 (2022); *Metro Senior v. AFV*, 209 DPR 203, 209 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Les corresponde a los foros adjudicativos examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 875 (2007).

La Regla 52.2 (a) de Procedimiento Civil, *supra*, y la Regla 13 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establecen que los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

Por su parte, la Regla 42.3 de Procedimiento Civil, *supra*, le permite al tribunal dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito. En otras palabras, esta regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito. *García v. Padró*, 165 DPR 324, 338 esc. 13 (2005); *U.S. Fire Ins. v. A.E.E.,* 151 DPR 962, 968 (2000). Una vez se dicta una sentencia parcial a tenor con lo dispuesto en esta Regla 42.3, *supra*, se convierte en una sentencia parcial final y empiezan a transcurrir

los términos para los recursos posteriores a la sentencia. J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1252; Véase *Medio Mundo, Inc. v. Rivera*, 154 DPR 315, 327 (2001).

**C.**

La Regla 44.1 de Procedimiento Civil, *supra*, regula la concesión de costas y la imposición de honorarios de abogado. *Class Fernández v. Metro Health Care Management System, Inc.* 2024 TSPR 63, 214 DPR ___ (2024); *Ortiz Valle v. Panadería Ricomini*, 210 DPR 831, 841 (2022); *ELA v. El Ojo de Agua Development, Inc.*, 205 DPR 502, 505 (2020).

En lo pertinente a los honorarios de abogado, la regla dispone que en caso de que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma en concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta. *Puerto Rico Oil Company, Inc. v. Dayco Products, Inc.*, 164 DPR 486, 489 (2005). La referida regla no define lo que constituye conducta temeraria, no obstante, nuestro Tribunal Supremo ha expresado que la temeridad "es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. Constituye conducta temeraria el que una parte haga necesario un pleito que pudo evitarse o interponga pleitos frívolos y así obligue a la otra parte a incurrir en gastos innecesarios". *Id*. Una vez el tribunal sentenciador determina que una parte ha sido temeraria, es obligatorio la imposición de honorarios de abogado. La determinación de si una parte ha actuado o no con temeridad descansa en la discreción del tribunal. Por ende, los tribunales revisores intervendrán cuando surja de la actuación un claro abuso de discreción. *Id*. Véase además, *Elba v. U.P.R., supra; Corpak, Inc. v. Ramallo Brothers Printing Inc.,* 125 DPR 724

(1990); *Asociación de Condóminos v. Trelles Reyes,* 120 DPR 574 (1988); *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713 (1987); *Montañez Cruz v. Metropolitan Cons. Corp.,* 87 DPR 39, 40 (1962).

**III.**

En su primer señalamiento de error, la parte apelante planteó que el foro primario erró y abusó de su discreción al no emitir determinaciones de hechos en su sentencia. Según expusimos anteriormente, el foro primario dictó una *Sentencia* desestimando el caso por falta de parte indispensable, luego de haber desestimado con perjuicio la reclamación contra dos (2) demandados que son parte de una sucesión. El foro primario no emitió una determinación sobre los méritos de la reclamación; sino que dispuso de la acción por un asunto de índole procesal. Es por ello, que el tribunal primario estaba relevado de consignar determinaciones de hechos y conclusiones de derecho. En consecuencia, el primer error no se cometió.

En su segundo señalamiento de error, la parte apelante levantó el darle credibilidad a un testigo de la parte apelada y no al emplazador que declaró bajo juramento sobre las gestiones realizadas para emplazar a los codemandados, Harriet y Héctor Figueroa Meléndez.

Este Tribunal carece de jurisdicción para considerar el segundo error, toda vez que la nulidad del emplazamiento por edicto fue atendida en la *Sentencia Parcial* del 16 de diciembre de 2024, enmendada *nunc pro tunc* el 18 de diciembre de 2024. Como indicamos anteriormente, la parte apelante tenía el término de 30 días contados desde la notificación para recurrir ante este foro sobre dicha determinación. El término para recurrir venció el 17 de enero de 2025. Toda vez que la parte apelante no recurrió de la Sentencia Parcial dentro del término reglamentario, la misma advino final y

firme. Por ende, conforme lo dispuesto en la Regla 13 de nuestro reglamento, estamos impedidos de evaluar el planteamiento esbozado por dicha parte en su segundo error al ser este tardío.

En torno al tercer señalamiento de error, la parte apelante sostiene que el foro primario se equivocó y abusó de su discreción al imponerle honorarios de abogado por temeridad. Luego de evaluado el expediente del caso ante nuestra consideración, y el expediente electrónico del foro apelado, concluimos que la parte apelante no incurrió en temeridad en el trámite de este. La demanda presentada no esta carente de fundamentos y la actitud de la parte apelante no demuestra contumacia, obstinación o actitud frívola que obligara a la parte apelada a asumir y sufrir las molestias, gastos, trabajos, e inconveniencias de un litigio innecesario. Por tanto, entendemos que el foro primario erró al emitir una determinación de temeridad e imponer el pago de honorarios de abogado por temeridad a favor de la parte apelada, sin exponer en qué acciones incurrió la parte apelante que justifiquen la conclusión de que actuó de manera temeraria durante el trámite de la reclamación. Por ello, el tercer error se cometió. A tenor, se deja sin efecto la determinación de temeridad y la imposición de honorarios de abogados a favor de la parte apelada.

**IV.**

Por lo fundamentos antes expuestos, se **modifica** la sentencia apelada para dejar sin efecto la determinación de temeridad y la imposición de honorarios de abogados a favor de la parte apelada, así modificada se **confirma.**

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones